### B. C. Wheat v. The State.

No. 10166.   Delivered October 27, 1926.

Rehearing withdrawn January 12, 1927.

**1.—Murder—Misconduct of Jury—Bills of Exception—Filed Too Late.**

Bills of exception complaining of the misconduct of the jury must be filed during the term at which the case is tried.  Appellant's bills complaining of the misconduct of the jury having been filed after the adjournment for the term, cannot be considered.  See Branch's Ann. P. C., Sec. 583, p. 299.  Following McIndoo v. State, 147 S. W. 236; Jurado v. State, 299 S. W. 617; Lopez v. State, 238 S. W. 666.

ON REHEARING.

**2.—Same—Motion Withdrawn.**

Since the filing of his motion for rehearing, appellant has filed a written application, duly verified, requesting the withdrawal of said motion, and the request is granted, and mandate ordered to issue.

Appeal from the District Court of Shelby County.   Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

J. A. Mooney of Woodville, *Davis & Davis* and *E. H. Carter* of Center, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense charged is murder and the punishment assessed is five years in the penitentiary.

There are but four bills of exception contained in this record. The first complains of the alleged insufficiency of the evidence. Without detailing the facts adduced upon the trial of the case, we deem it sufficient to say that we have carefully examined the same and in our opinion the evidence was amply sufficient to support the verdict.

The other three bills complain of the alleged misconduct of the jury. The record discloses that the term of court at which the appellant was tried adjourned on the 17th day of December, 1925, and the three bills complaining of the misconduct of the jury were not filed until the 24th day of February, 1926. The rule is correctly stated by Mr. Branch as follows: "An error caused by misconduct of a jury will not be revised unless presented by bill of exception filed during the term at which appellant was convicted, and containing the facts upon which the trial court was required to pass." Branch's Ann. Penal Code, Sec. 583, p. 299. McIndoo v. State, 147 S. W. 235. Jurado v. State, 299 S. W. 617. Lopez v. State, 238 S. W. 666.

We regret that we are not able to review these bills of exception but in view of the unbroken line of authorities in this state, we are without the right to do so.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Since the filing of his motion for rehearing, appellant has filed a written application, duly verified, requesting the withdrawal of said motion. The application is granted, and it is ordered that mandate issue upon the original hearing in which the judgment of the trial court was affirmed.

*Rehearing withdrawn.*