### No. 1725.  Decided April 24, 1912.

### Rehearing Denied May 22, 1912.

**1.—Carrying Pistol—County Judge.**

That the county judge represented the plaintiff as an attorney in a civil suit against the defendant, would not disqualify the judge from sitting in the case wherein defendant is charged with a criminal offense.

**2.—Same—Sufficiency of the Evidence.**

Where the evidence was conflicting in a trial for unlawfully carrying a pistol, the conviction will not be disturbed.

**3.—Same—Evidence—Bill of Exceptions.**

In the absence of a bill of exceptions the admission of testimony can not be reviewed on appeal.

**4.—Same—Verdict—Costs.**

Where the jury found defendant guilty of unlawfully carrying a pistol assessing his fine and that he should pay the costs, there was no error.

**5.—Same—Misconduct of Jury—Bill of Exceptions.**

In the absence of a bill of exceptions, the ground of complaint that the jury separated can not be considered on appeal.

**6.—Same—Charge of Court—Misdemeanor.**

In the absence of a bill of exceptions the failure of the court to submit the special charge requested in a misdemeanor case can not be considered; besides, the same was covered by the main charge.

Appeal from the County Court of Jim Wells.  Tried below before the Hon. Walter R. Perkins.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Suttle & Todd,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under complaint and information charging him with unlawfully carrying a pistol on and about his· person, was tried, convicted ·and his punishment assessed at a fine of $100.

Hon. W. R. Perkins is county judge of Jim Wells County, and when this case was called for trial, appellant filed a motion suggesting· that he was· disqualified, and should not preside in the trial of this case, the grounds of the disqualification alleged being that the judge was attorney for R. N. Wood in a certain suit pending in the District Court wherein R. N. Wood is plaintiff, and this appellant is defendant. That the county judge was attorney for R. N. Wood in a suit in the District Court, wherein appellant was sued for the possession of certain premises, would not disqualify him from serving as county judge in a case in the County Court wherein appellant was charged with a criminal offense. (Article 5, section 11, of the Constitution, and article 606 of the Criminal Code, and decisions cited in section 649, White's Ann. Code of Proc.)

Two witnesses swear on a given occasion they saw appellant with a pistol; he swears he had none. The jury found against his contention and we would not be authorized to disturb their verdict as they are the judges of the credibility of· the witnesses.

The grounds in the motion complaining of certain questions asked by county attorney, and certain testimony admitted, can not be considered on appeal as no bill of exceptions was reserved.

The jury in addition to finding appellant guilty and assessing his punishment at a fine of $100, also found by their verdict he should pay the costs. This presents no error, as the costs under the law would be assessed against him anyway.

We can not consider the ground complaining that the jury separated at the noon hour. No bill of exceptions was reserved, if they separated, or the judge failed to give them any instructions; consequently it is not verified in a way to bring this matter before us for review.

No exception was reserved to the failure of the court to give the special charge requested. This is a misdemeanor, and if it ·is desired that we review this action of the court, it should have been excepted to. However, it would present no error, as the special charge is covered by the charge given by the court in all essential particulars.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 22, 1912.—Reporter.]