■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD A. BENNETT, Appellant.— This is an appeal from a judgment of conviction resulting from a plea of guilty to one count of an indictment charging attempted rape in the first degree and for which the defendant received a mandatory sentence of five to ten years. The basis of this appeal is that the Judge presiding was disqualified pursuant to section 14 of the Judiciary Law on the ground that he was present in court, in his capacity as an Assistant District Attorney, when the defendant was convicted of a felony in 1953 and which mandated his sentence herein as a second felony offender pursuant to section 1943 of the Penal Law. Section 14 of the Judiciary Law, as pertinent here, states: "A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding  *  *  *  in which he has been attorney or counsel". There is no contention that the defendant challenged the jurisdiction of the court at the time of his plea but the issue is raised for the first time on this appeal. The law seems to be firmly and clearly enunciated that regardless of the good intentions of all of the parties, including the court, a violation of section 14 mandates a reversal. Since the earliest days the rule has been strictly enforced. In *Oakley* v. *Aspinwall* (3 N. Y. 547) a civil case where counsel for both sides had waived the objection of consanguinity, the court stated at page 552: "But where no jurisdiction exists by law it can not be conferred by consent — especially against the prohibitions of a law, which was not designed merely for the protection of the party to a suit, but for the general interests of justice.  *  *  *  It is the design of the law to maintain the purity and impartiality of the courts, and to insure for their decisions the respect and confidence of the community. Their judgments become precedents which control the determination of subsequent cases; and it is important, in that respect, that their decisions should be free from all bias. After securing wisdom and impartiality in their judgments, it is of great importance that the courts should be free from reproach or the suspicion of unfairness. The party may be interested only that his particular suit should be justly determined; but the state, the community is concerned not only for that, but that the judiciary shall enjoy an elevated rank in the estimation

of mankind." The reason for such strict interpretation appears to be a matter of public policy as further stated in *McCormick* v. *Walker* (158 App. Div. 54, 58, 59) where the court said: "The State is bound to furnish to every litigant not only an impartial judge, but one who has not, by any act of his, justified a doubt of his impartiality." The same principle has been strictly applied to that part of the section here involved where a Judge who presides had been attorney or counsel and it is applicable to criminal cases. (See *People* v. *Connor,* 142 N. Y. 130, 133; *People* v. *Haas,* 105 App. Div. 119; *People* v. *Morgan,* 277 App. Div. 956; *People* v. *Frey,* 277 App. Div. 1156; *People* v. *Freer,* 2 A D 2d 643; *People* v. *Burgett,* 15 A D 2d 873.) In *People* v. *Wright* (16 A D 2d 743) there was an appeal from the judgment of resentence. The County Judge was not the District Attorney of the county at the time of the defendant's original conviction in 1934 but he was the District Attorney at the time of the application in the nature of *coram nobis* in 1953. The court stated that while that factual situation did not come within the letter of section 14 of the Judiciary Law, it did come within the spirit thereof and the Judge should have disqualified himself even though the defendant and his attorney both waived any objection to the County Judge sitting. The court stated that a disqualification of this kind may not be waived. In all of these cases a substantial right of the defendant was involved which might have required the exercise of some discretion on the part of the court. Here there is no claim of prejudice or bias or that the court had any alternative as to the sentence imposed. The record discloses that every possible consideration was given to the defendant and that upon his plea to one count of the indictment, after notice of a prior offense pursuant to section 355-b, the sentence imposed was the minimum the law permitted. It would seem under such circumstances that judgment should be affirmed were it not for the decisional law set forth herein. There are some lower court decisions to the contrary but they relate in the main to the question of bias which is not encompassed within section 14 of the Judiciary Law. (*People ex rel. Lore* v. *Mederer,* 20 N. Y. S. 2d 237; *People* v. *McDonald,* 8 Misc 2d 50; *People* v. *Owen,* 205 Misc. 415.) We wish it to be explicitly clear that in our opinion the County Judge presiding acted in good faith and without prejudice or bias. If the issue, raised on this appeal for the first time, had been brought to his attention at the time of the plea, he would undoubtedly have disqualified himself. Judgment of conviction reversed and case remanded to the County Court, Broome County. Bergan, P. J., Herlihy, Reynolds and Taylor, JJ., concur.