**Ex parte Thomas Henry HOPKINS.**

**No. 39500.**

Court of Criminal Appeals of Texas.

March 2, 1966.

Thomas Henry Hopkins, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

This is a habeas corpus proceeding under Art. 119 C.C.P. by an inmate of the Texas Department of Corrections attacking as void his conviction in Cause No. 3781 in the District Court of Medina County, Texas, on March 30, 1959, with sentence of 2 to 10 years to begin at the expiration of a 12 year sentence from Nueces County, which has been served.

The facts relating to petitioner's attack upon the Medina County conviction have been furnished to this Court by Honorable Ross E. Doughty, District Judge of the 38th Judicial District (which includes Medina County) and Honorable R. S. Crawford, Jr., District Attorney of said District.

The facts are that at the time petitioner was tried and convicted in District Court of Kerr County, Texas, Judge Doughty was the District Attorney and prosecuted the case as counsel for the state.

This Kerr County conviction was alleged in the indictment for burglary in the Medina County indictment for the purpose of enhancement of the punishment.

Judge Doughty presided at the trial in Medina County and prior to trial entered the order sustaining the state's motion to dismiss the portion of the indictment alleging prior convictions.

The Constitution of Texas, Art. 5, Sec. 11, Vernon's Ann.St., provides that no judge shall sit in any case when he shall have been counsel in the case.

Art. 552 C.C.P. (now Art. 30.01) provides that no judge shall sit in any case where he has been of counsel for the state or the accused.

Construing these provisions of the Constitution and Statute we held, in Pennington v. State, 169 Tex.Cr.R. 183, 332 S.W.2d 569, that the judge who as district attorney prosecuted the case which resulted in the prior conviction alleged for enhancement, and who authorized the dismissal of the allegations as to such prior conviction, was disqualified to sit in the case.

Judge Doughty and District Attorney Crawford are to be commended for bringing to the attention of this Court the undisputed facts that uphold petitioner's attack upon the conviction in Medina County and render it void under our holding in Pennington v. State, supra, because of Judge Doughty's disqualification to sit as judge and try the case.

The action of these officers and their certification that in the event the Medina County conviction is held to be void the in-

dictment against the petitioner will be dismissed render it proper for this Court to grant the prisoner's petition for writ of habeas corpus as an original application to this Court and make it unnecessary that we order petitioner remanded to custody of the Sheriff of Medina County to answer the indictment.

The conviction in Cause No. 3781 styled The State of Texas v. Thomas Henry Hopkins being void because of the disqualification of Judge Doughty, the petition for writ of habeas corpus is granted and petitioner is ordered released from further confinement in the Texas Department of Corrections thereunder.