**Henry Glenn HATHORNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42871.**

Court of Criminal Appeals of Texas.

Oct. 21, 1970.

Rehearing Denied Dec. 9, 1970.

Moulton A. Goodrum, Houston (court-appointed on appeal), Stanley Beyer, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and William Darling, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Judge.

Our opinions on original submission are withdrawn and the following is substituted in lieu thereof.

This is an appeal from a conviction for burglary with intent to commit theft with the punishment, enhanced by two prior non-capital felony convictions under the provisions of Article 63, Vernon's Ann.P.C., being assessed at life.

The State's motion for rehearing presents for reconsideration in depth the question of whether a trial judge is disqualified because he was the district attorney at the time of a prior conviction alleged for enhancement. Stated another way, the question is whether the inclusion of a prior conviction (at which time the trial judge was district attorney) in the State's pleading (the indictment) disqualifies the judge on the ground he was counsel in the case.

Although the issue was not raised during the trial, it was assigned as a ground of error in the appellate brief filed in the trial court under the provisions of Article 40.09, Sec. 9, Vernon's Ann.C.C.P. And appellant points out that this court may take judicial notice that the trial judge was the District Attorney for Harris County on the date of the second prior conviction (for burglary) alleged for enhancement in the indictment and shown to have occurred in Cause No. 75211 in the then Criminal District Court of Harris County on October 14, 1955.[1] See 23 Tex.Jur.2d, Evidence, Sec. 19, p. 39.

"Although there is some authority to the contrary, the general rule at common law was that a judge was not disqualified by prior representation or activity as attorney or counsel in a case coming before him." 72 A.L.R.2d 450, Sec. 3. See also 56 Yale L.J. 605, 609, 611, 612. "Under the common law from the earliest times a judge was disqualified [only] by an interest in the cause." 2 Va.L.Rev. 147. In more recent times the States have deemed it advisable to enlarge the disqualifications of judges by constitution and statutes setting up other grounds. Texas was no exception. See Interpretative Commentary, Article V, Sec. 11, Texas Constitution, Vernon's Ann.St.

Article V, Sec. 11 of the State Constitution reads in part as follows: "No judge shall sit in any case wherein * * * he shall have been counsel in the case."

Article 30.01, V.A.C.C.P., also provides in part: "No judge * * * shall sit in any case * * * where he has been of

---

1. In Murphy v. State, Tex.Cr.App., 424 S.W.2d 231, this same trial judge testified he was District Attorney of Harris County from October 1, 1954, through December 31, 1960.

counsel for the State or the accused * * *."

■ These provisions have been construed as being mandatory and must be observed. Pennington v. State, 169 Tex.Cr. R. 183, 332 S.W.2d 569, 570, and authorities there cited. See also Ex parte Washington, Tex.Cr.App., 442 S.W.2d 391.

It has been held, however, that to come within the meaning of "counsel in the case" in the statute prescribing qualification of judges, it must appear that the judge acted as counsel *in the very case* before him. Ex parte Largent, 144 Tex.Cr.R. 592, 162 S.W. 2d 419, cert. den. Largent v. Reeves, 317 U.S. 668, 63 S.Ct. 72, 87 L.Ed. 536, reh. den. 317 U.S. 713, 63 S.Ct. 443, 87 L.Ed. 568.

■ It is, of course, well settled that the mere fact that the trial judge personally prosecuted the appellant in past cases does not disqualify him from presiding over a trial where a new offense is charged. Koenig v. State, 33 Tex.Cr.R. 367, 26 S.W. 835; Trinkle v. State, 59 Tex.Cr.R. 257, 127 S.W. 1060; Goodspeed v. Beto, 5th Cir., 341 F.2d 908;[2] 33 Tex.Jur.2d, Judges, Sec. 57, pp. 426, 427; Carr v. Fife, 156 U.S. 494, 15 S.Ct. 427, 39 L.Ed. 508.

And it would logically follow that the same rule would have application where the trial judge had defended the accused at the time of the prior conviction. Ex parte Stubblefield, Tex.Cr.App., 412 S.W.2d 63.[3]

Therefore, if only the instant offense is charged in the indictment absent any allegations of prior convictions for the purpose of enhancement only then the trial judge is not disqualified because of his role as counsel in such previous conviction. If during such a trial the defendant takes the stand and the State seeks to impeach him by virtue of a previous felony conviction prosecuted by the judge as a district attorney, does such action or proof of such conviction ipso facto disqualify the judge? We think not, even though the judge must of necessity pass upon the admissibility of evidence relating to such prior conviction, properly instruct the jury as to the law concerning the impeachment evidence and most likely pass subsequently upon the motion for new trial, all of which involve judicial discretion. One can well imagine the consequences of a holding to the contrary. The problem can possibly arise in other contexts, such as the admission of extraneous offenses.[4]

---

2. "[A] judge is not disqualified in a criminal case where he prosecuted to conviction one of the witnesses in the case for a similar offense." 46 Amer.Jur.2d, Sec. 197, p. 222; Roberson v. United States, 5th Cir., 249 F.2d 737. See also Locklin v. State, Tex.Cr.App., 75 S.W. 305; 33 Tex.Jur.2d, Judges, Sec. 57, p. 427. Further, that the same questions of law and fact arise in two cases does not disqualify the judge from sitting in one because he has previously prosecuted the other. Koenig v. State, 33 Tex.Cr.R. 367, 26 S.W. 835; Reiffert v. State, Tex. Cr.App., 26 S.W. 839.

3. It has also been held that a judge who represented a defendant in a criminal case is not disqualified from presiding as judge on a trial of a bail bond forfeiture case involving the same defendant in the same criminal action. Hobbs v. Campbell, 79 Tex. 360, 15 S.W. 282. And participation as counsel in a prior or pending civil suit to which the accused was

or is a party does not serve as a disqualification in a criminal case, particularly where the subject matter of the civil and criminal proceedings are not identical. McIndoo v. State, 66 Tex.Cr.R. 307, 147 S.W. 235.

4. In Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, the court mentioned that the rules concerning evidence of prior offenses are complex and stated: "Because such evidence is generally recognized to have potentiality for prejudice, it is usually excluded except when it is particularly probative in showing such things as intent. Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919; Ellisor v. State, 162 Tex.Cr.R. 117, 282 S.W.2d 393; an element in the crime, Doyle v. State, 59 Tex.Cr.R. 39, 126 S.W. 1131; identity, Chavira v. State, 167 Tex.Cr.R. 197, 319 S.W.2d 115; malice, Moss v. State, Tex.Cr.App., 364 S.W.2d 389; motive, Moses v. State, 168 Tex.

Under our present bifurcated trial system (Article 37.07, V.A.C.C.P.), the State or defense may offer testimony at the penalty stage of the trial as to the accused's "prior criminal record," and the right to do so is not dependent upon or restricted by allegations of prior convictions in the indictment or information.

If the State or defense offers prior convictions as part of that "record" where the trial judge served as prosecutor or defense counsel, does this result in an automatic disqualification of the judge and cause a mistrial? Certainly not, even though evidence of such conviction may, in the discretion of the judge or jury, result in an increased or enhanced penalty. And this is true even if the prior convictions introduced could have been (but were not) alleged in the indictment or information for the purpose of enhancement.[5]

Also under our present bifurcated trial system, when a prior conviction or convictions are alleged for enhancement of punishment only and are not jurisdictional, that portion of the indictment or information is not read until the second or penalty stage of the trial and the proof thereof is not properly offered until then. Article 36.01, V.A.C.C.P.; Holcombe v. State, Tex. Cr.App., 424 S.W.2d 635.

The purpose of the enhanced penalty statutes (Articles 61, 62, 63 and 64, V.A.P.C.) is reformatory in nature and does not create additional offenses. The historical fact of a prior conviction is merely used as evidence to increase the punishment. See 1 Branch's Ann.P.C., 2d ed., Sec. 698, p. 681; Ex parte Davis, Tex.Cr.App., 412 S.W.2d 46. *"Enhancement allegations are not a part of the substantive offense* but are

merely a guide for the court or jury in fixing the final punishment in the event of a conviction of the presently charged offense." 16 Tex.Jur.2d, Sec. 411, p. 638. (Emphasis Supplied) Therefore, it is clear that "[a]n allegation of prior convictions is no part of the present charge and is no proof of another or different offense. * * *" 16 Tex.Jur.2d, Sec. 404, p. 625. See also 5 Wharton's Criminal Law and Procedure, Sec. 2218, p. 435; 24B C.J.S. Criminal Law § 1958.

It is further noted that the allegations as to prior convictions do not constitute "counts" in the indictments. Square v. State, 167 S.W.2d 192, 145 Tex.Cr.R. 219; Beck v. State, Tex.Cr.App., 420 S.W. 2d 725; Steward v. State, Tex.Cr.App., 422 S.W.2d 733; Baker v. State, Tex.Cr. App., 437 S.W.2d 825 (concurring opinion). It is also observed that the more appropriate plea (as to such prior convictions) to be entered at the penalty stage only in the event of a finding of guilt as to the instant offense is "true" or "not true." See Davis v. State, Tex.Cr.App., 429 S.W.2d 895; Baker v. State, supra (concurring opinion). Articles 36.01 and 37.07, V.A.C. C.P.

Under such recidivist statutes, the State may also waive and abandon such allegations of prior convictions with the approval and consent of the court and the failure of the State to offer proof as to the alleged prior convictions or to prove affirmatively such allegations will not prevent a successful prosecution and conviction for the instant offense.

Thus, in view of all of the foregoing, we must return to the question before us: Does the mere inclusion of allegations as

Cr.R. 409, 328 S.W.2d 885; a system of criminal activity, Haley v. State, 87 Tex.Cr.R. 519, 223 S.W. 202; or when the defendant has raised the issue of his character, Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168; Perkins v. State, 152 Tex. Cr.R. 321, 213 S.W.2d 681; or when the defendant has testified and the

State seeks to impeach his credibility, Giacone v. State, 124 Tex.Cr.R. 141, 62 S.W.2d 986."

5. In the case at bar the State offered evidence of six previous convictions for burglary as part of the "prior criminal record," including the two alleged for enhancement.

to a prior conviction in the indictment for the purpose of enhancement only thereby disqualify the trial judge absolutely and automatically if he has been the prosecutor or defense counsel at the time of the prior conviction so alleged?

The question is neither new or novel in this state, and therein lies our difficulty.

When first presented in a misdemeanor prosecution under the provisions of Article 61, V.A.P.C., at a time when the unitary trial practice still prevailed, this court in Adcock v. State, 146 Tex.Cr.R. 84, 172 S.W.2d 103 (1943), acknowledged the question was "not free from difficulty" and stated "We know of no case and have not been able to find one, wherein the exact question here under consideration has been discussed by this or any other court." In holding the trial judge disqualified because he had been of counsel in one of prior convictions alleged, the court noted the former convictions charged in the complaint and information were "a part of the case which the State is required to prove affirmatively as any other fact" and that judicial discretion was involved in passing upon the admissibility of such evidence as well as on the motion for new trial.

In this case of first impression occurring many, many years after disqualification for being counsel in the case becoming a part of our law, it appears that the court did not carefully consider the true nature of the office of the alleged prior convictions nor the fact that proof of the same was not essential to a conviction for the instant offense nor many of the other factors discussed above.

Adcock was followed in Camper v. State, 146 Tex.Cr.R. 522, 176 S.W.2d 943, without additional reasoning. See also Woodland v. State, 147 Tex.Cr.R. 84, 178 S.W.2d 528; Wood v. State, 166 Tex.Cr.R. 94, 311 S.W.2d 409.

And in Pennington v. State, 169 Tex.Cr. R. 183, 332 S.W.2d 569, the rule was extended to a prosecution where prior convictions were alleged for enhancement under Article 63, V.A.P.C., even though such prior convictions were abandoned prior to trial by the State since the judge in dismissing such allegations was performing a duty calling for the exercise of judicial discretion.

Pennington has been followed in cases such as Ex parte Hopkins, Tex.Cr.App., 399 S.W.2d 551 and Ex parte Washington, Tex.Cr.App., 442 S.W.2d 391. The harshness of the rule is well demonstrated by Ex parte Washington where it was noted that failure to raise the disqualification question at trial or on appeal does not operate as a waiver since a constitutional or statutory disqualification cannot be waived, and proceedings tried by a disqualified judge are a nullity.

To ameliorate the harshness of the rule this court has found the judge not disqualified even though an assistant district attorney in the office which conducted the prosecution where he had not participated in the investigation, preparation or trial of the prior conviction. See Muro v. State, Tex.Cr.App., 387 S.W.2d 674.

In Murphy v. State, Tex.Cr.App., 424 S.W.2d 231, which involved the same trial judge as in the case at bar, this court, while recognizing the Adcock-Pennington line of cases or rule and seeking to further ease undesirable results stemming therefrom, stated:

"An exception to this rule is that where the judge has *not actively participated* in the defendant's prior conviction, he is not disqualified from sitting merely because of his former position, without proof of his actively taking part in the conviction. Ex parte Hopkins, Tex.Cr. App., 399 S.W.2d 551; Muro v. State, Tex.Cr.App., 387 S.W.2d 674; Garrett v. State, 155 Tex.Cr.R. 214, 233 S.W.2d 498; Koll v. State, 143 Tex.Cr.R. 104, 157 S.W.2d 377; and Goodspeed v. Beto, 341 F.2d 908, cert. den., 386 U.S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798, reh. den.,

*386 U.S. 969, 87 S.Ct. 1032, 18 L.Ed.2d 126."*

If Murphy was properly decided, it would be dispositive of the very question before us, but, as indicated on original submission, a re-examination of the authorities does not fully support the exception there announced.

In Murphy, as in the case at bar, the trial judge was district attorney at the time of the prior convictions and either personally participated in the case or acted through one or more of his assistants working under his supervision and direction. This is not the situation presented by any of the cited cases.[6] Rather than decide whether

6. In Ex parte Hopkins, supra, the trial judge had as district attorney without assistants personally prosecuted the accused in the prior conviction alleged for enhancement and was held disqualified. Muro v. State, supra, did not involve a prior conviction nor a trial judge who had been district attorney. There the trial judge, who was held qualified, had been an assistant district attorney at the time of the offense but the case was not within the purview of his work assignment and he had no recollection of the same. Koll v. State, 143 Tex.Cr.R. 104, 157 S.W.2d 377, did not involve a prior conviction. The trial judge had as district attorney actively and personally participated in the very case before him. There was no question as to his disqualification. The question presented was whether his act in changing venue in the case involved a ministerial act or one involving judicial discretion. In Goodspeed v. Beto, supra, it appears the petitioner questioned whether the trial judge who presided at his trial was disqualified because as former district attorney he had prosecuted petitioner for different crimes. There the court said: "That was not sufficient ground for the disqualification of the judge," citing Trinkle v. State, 59 Tex. Cr.R. 257, 127 S.W. 1060.

These cases do not support the proposition that a trial judge is not disqualified because as district attorney he did not actively participate in the prosecution where in fact the conviction was obtained by his assistants acting in his name and under his direction and supervision. A district attorney, unlike an assistant, is the person in authority in the office, and he cannot as such officer escape his duties and responsibilities, and any rules, procedure or policies pertaining to habitual offenders or those subject to be so prosecuted are set by him. See Article 2.01 (former Article 25), V.A.C.C.P. See also Article 52–42, 52–46, V.A.C.C.P., 1925; Article 199(11) Vernon's Ann.Civ. St.; Article 326K–26, V.A.C.S.

In Black's Law Dictionary, 4th Ed., an "assistant" is defined as follows: "Ordinarily refers to employee whose duties are to help his superior, to whom he

must look for authority to act. State ex rel. Dunn v. Ayers, 112 Mont. 120, 113 P.2d 785, 788." See also Saxby v. Sonnemann, 318 Ill. 600, 149 N.E. 526, 528.

In Murphy the trial judge who also presided in the case at bar testified that he was District Attorney of Harris County from October 1, 1954, through December 31, 1960; that he had no recollection of the prior conviction of Murphy; that in 1957 when such prior conviction occurred he had approximately forty-five assistants, two or three of whom were assigned to the Criminal District Court of Harris County where such conviction occurred; that the assistants were appointed by him and "were responsible to carry out the duties and functions assigned" by him. The judgment and sentence in such prior conviction reflects "the State appeared by her District Attorney."

It has, of course, been stated that a trial judge is not disqualified merely because he was district attorney at the time of the commission of the offense. 33 Tex.Jur.2d, Judges, Sec. 57, p. 426. The cases cited bear examination. In Wilkes v. State, 27 Tex.App. 381, 11 S.W. 415, the trial judge, who had been district attorney, was not disqualified where the examining trial had been conducted by the county attorney whose duty it was to do so when the district attorney did not live in such county, and the district attorney did not appear at such hearing and did not even hear of such case.

In Utzman v. State, 32 Tex.Cr.R. 426, 24 S.W. 412, the trial judge was held qualified although district attorney at the time of offense for he disqualified himself, had the court appoint an acting district attorney, took no part in investigation or preparation of the case and was not the district attorney at the time the indictment was presented. In Garrett v. State, 155 Tex.Cr.R. 214, 233 S.W.2d 498, the trial judge as district attorney took no part in the investigation of the case, and as judge merely performed ministerial duties in connection with the case before the trial which was presided over by another judge.

Murphy was correctly decided or devise still another exception to the Adcock-Pennington rule to avoid the harshness thereof, we concluded that a re-examination of the rule itself was in order.

■ We hold that the mere inclusion in the indictment or information of allegations as to prior convictions (for the enhancement of punishment only) does not disqualify the trial judge because he was of counsel in such prior conviction or convictions for either the State or the defense, not being within the purview of the statutory or constitutional prohibition of being "counsel in the case." Thus, the Adcock-Pennington line of cases is overruled to the extent of any such conflict.

To hold otherwise would mean that a judge is not disqualified in a case by the fact he previously prosecuted or defended an accused in another case, or that such prior conviction was used for impeachment purposes or utilized as a part of the accused's "prior criminal record" but the mere allegation of such conviction for the purpose of enhancement only would work an automatic disqualification. Such would be an illogical result, particularly considering the nature and purpose of the allegation of the prior conviction, it not being a part of the substantive offense, and taking into account our present bifurcated trial system. To permit the disqualification to be too easy could cause the cost and the delay of the administration of criminal justice to go out of bounds.

Some of our sister states in considering the same or similar questions have reached the same result as we do today. See Maloney v. Maxwell, 174 Ohio St. 84, 186 N.E.2d 728; People ex rel. Stickle v. Fay, 14 N.Y.2d 683, 249 N.Y.S.2d 879, 198 N.E.2d 909 and People v. Bennett, 14 N.Y.2d 851, 251 N.Y.S.2d 966, 200 N.E.2d 632, overruling People v. Bennett, 19 A.D.2d 929, 244 N.Y.S.2d 547.

"The right to a trial before an impartial judge is an unquestioned part of our concept of due process of law," 79 Harvard Law Review 1435, and if there is a question of the judge's impartiality because of his connection with a prior conviction alleged for enhancement only, the judge should recuse himself. And an accused is free to demonstrate that a judge suffers from any constitutional or statutory disqualification.

We cannot agree, however, that compulsory judicial disqualification is called for by the issue presented to us in the case at bar.

Next, appellant contends that the "sentence should be vacated and the cause remanded for consideration of Defendant's motions" which he personally attempted to present during the trial and which the trial judge refused to consider. He relies upon Article I, Sec. 10 of the Texas Constitution which provides in part that in all criminal prosecutions the accused "shall have the right of being heard by himself, or counsel or both * * *." See also Article 1.05, V.A.C.C.P.

The matter arose in the following manner: On the date of the trial appellant orally moved the court to discharge his court appointed attorneys. After a hearing the court refused to do so. Appellant then sought to personally present some unidentified written motions to the court but was advised by the judge to consult with counsel about such matters as he wanted all motions presented by the attorneys. Counsel was then instructed to confer with appellant concerning such motions. Subsequently, at the penalty stage of the trial, one of appellant's appointed counsel informed the court that appellant personally wanted to file a motion to quash a portion of the indictment. The court insisted such motion be presented by counsel and the defense counsel then replied:

"Our position is this. We are not going to file a motion we know is not true. I am not filing any motion on that."

The appellant excepted to the ruling at the judge's suggestion. The motions were not made a part of the record.

Handwritten exhibits of such motions claimed to have been the ones sought to be introduced were attached to a formal bill of exception by appellant's court appointed attorney on appeal who was not present at the trial. The bill of exception was refused by the trial judge. No bystander's bill was filed as required by Article 40.09, Sec. 6, V.A.C.C.P.

The motions are therefore not before us for review.

Further, appellant acknowledges that Article I, Sec. 10, of the State Constitution does not bestow an absolute right upon an accused who is represented by counsel to participate in the trial in any way he pleases. It is a "privilege" to be exercised in a proper and legitimate manner. Leahy v. State, 111 Tex.Cr.R. 570, 13 S.W.2d 874. As appellant admits, "It is subject to the sound discretion of the trial court in its exercise of its power to control the business of the court and to preserve proper order and decorum. See generally 23 C.J.S., Criminal Law, Sec. 979(4)." See also Ward v. State, Tex.Cr.App., 427 S.W.2d 876, 882 and cases there cited.

In his appellate brief appellant actually complains only of the court's failure to consider one of such motions. Even if such motion was properly before us, it is without merit. In the first part of such motion appellant contends that at the time of his prior burglary conviction in 1952 in Harris County (Cause No. 66277) alleged for enhancement his counsel was appointed the day of his trial (on a plea of guilty) and he did not have ten days to prepare for the same. At the time, former Article 494 (now Article 26.04) V.A.C.C.P., had no application to non-capital felonies nor did it then provide for ten day preparation period. Cf. 1957 and 1959 amendments to former Article 494, supra. Even under the present law, the matter presented is not a proper subject for collateral attack. Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666.

In the second part of such motion appellant claims he sought to present he contends that at the time of the formal sentencing in the other prior conviction (also for burglary) alleged for enhancement he was without counsel, pointing out that the printed form of the sentence is silent as to counsel. He does not claim that at his former trial in 1955 (on a plea of not guilty) he was without counsel but only that counsel was not present at the time of the sentencing. There is no allegation that at the time he was indigent, without counsel and did not waive the same. See Johnson v. State, Tex.Cr.App., 432 S.W.2d 98; Walling v. State, Tex.Cr.App., 437 S.W.2d 563. And further, it appears from the record that it is this claim which appellant's trial counsel deemed to be false.

We decline, under the circumstances presented, to remand the cause for a hearing on said motions as requested.

Finding no reversible error, the State's motion for rehearing is granted, the judgment reversing and remanding the cause is set aside, and the judgment is affirmed.