

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00390-CR
### No. 10-15-00391-CR

**DAVID MINNIEAR,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law
### Navarro County, Texas
### Trial Court Nos. C35884-CR and C35886-CR

## MEMORANDUM  OPINION

In Cause No. 10-15-00390-CR, David Minniear pleaded guilty to the offense of aggravated assault of a family member. The jury convicted Minniear of the offense and assessed punishment at confinement for life. In Cause No. 10-15-00391-CR, Minniear pleaded guilty to the offense of burglary of a habitation with the intent to commit another felony. The jury convicted Minniear of the offense and assessed punishment at 60 years confinement. We affirm.

**Background Facts**

David Minniear and Brenda Sotelo were involved in a relationship for many years. They separated sometime in September of 2014, and Brenda went to live with her brother and sister-in-law. On the morning of October 14, 2014, Minniear attacked Brenda at her brother's home. Brenda suffered multiple stab wounds to her chest and face, and she also was stabbed in her eyeball and through her skull. Brenda testified at trial that she is still in pain from the attack and also has loss of vision, memory loss, and speech issues.

**Disclosure of Evidence**

In the first issue, Minniear argues that the trial court erred in applying a *Brady v. Maryland*[1] exculpation requirement to the Michael Morton Act and in refusing to turn over part of the State's file to defense counsel. During a pre-trial conference the State requested that the trial court review documents in-camera to determine if the State had an obligation to disclose the documents. The following day, the trial court ruled that the documents were not discoverable and that there was not a *Brady* issue concerning the documents. The trial court reserved the right to change the ruling upon a later determination that the material was discoverable. The certification of defendant's right to appeal signed by the trial court, Minniear, and Minniear's counsel indicates that Minniear has a right to appeal only from sentencing. Therefore, the issue of disclosure of evidence is not properly before us on appeal. We overrule the first issue.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

**Unanimous Verdict**

In the second issue, Minniear argues that the jury charge allowed the jury to assess punishment by less than unanimous means. The charge instructed the jury on punishment as follows:

Burden of Proof for Wrongful Acts

During the trial, you heard evidence that the defendant may have committed wrongful acts that did not result in any criminal charges or that did not result in criminal convictions. You are not to consider any evidence of any particular wrongful act unless you find, beyond a reasonable doubt, that the defendant did, in fact, commit that wrongful act. Those of you who believe the defendant did the wrongful act may consider it.

Minniear contends that the charge should have stated, "you are not to consider any evidence of any particular wrongful act unless <u>all of</u> you find, beyond a reasonable doubt, that the defendant did, in fact, commit that wrongful act." Minniear did not object to the charge.

We review claims of charge error under a two-pronged test. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). We first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App.2005). If error exists, we then evaluate the harm caused by that error. *Id*. The degree of harm required for reversal depends on whether error was preserved in the trial court. If error was not preserved, it must be "fundamental" error and requires reversal only if it was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Almanza v. State*, 686 S.W.2d at 171.

Article 37.07, § 3(c) requires the jury to "agree," i.e., agree unanimously, on "the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty." TEX. CODE CRIM. PROC. ANN. Art. 37.07 § 3 (c) (West Supp. 2016); *Sanchez v. State*, 23 S.W.3d 30, 34 (Tex. Crim. App. 2000). If the jury does not agree unanimously, then the trial court must declare a mistrial. *Sanchez v. State*, 23 S.W.3d at 34. In *Sanchez*, the Court of Criminal Appeals interpreted a prior version of Article 37.07 § 3 (c) as requiring the jury to agree unanimously on the issue of sudden passion. *See Sanchez v. State*, 23 S.W.3d at 34. If the defendant proves this issue of sudden passion in the affirmative by a preponderance of the evidence, the offense is reduced from a first-degree felony to a second-degree felony. TEX. PENAL CODE ANN. § 19.02(d) (West 2011). The Court found that the jurors must be unanimous in determining either that the defendant did act under the immediate influence of sudden passion or that the defendant did not act under the influence of sudden passion. *Id*.

In the present case, the charge instructed the jury not to consider any evidence of any particular wrongful act unless finding beyond a reasonable doubt, that the defendant did, in fact, commit that wrongful act. The jury was not required to make an affirmative finding to determine the range of punishment as in *Sanchez*. The charge further instructed the jury that to reach a verdict, all twelve must agree and that the verdict must be unanimous. We find that the trial court did not err in its charge to the jury.

Moreover, the evidence does not show harm so egregious that Minnear "has not had a fair and impartial trial." *Almanza v. State*, 686 S.W.2d at 171. After the jury returned its verdict in the aggravated assault of a family member cause, the trial court inquired whether the verdict was unanimous. The presiding juror indicated that the verdict was unanimous. The trial court then polled the jury with each juror indicating that it was his or her verdict. In the burglary of a habitation cause, the trial court inquired whether the verdict was unanimous. The presiding juror indicated that the verdict was unanimous. The parties did not wish to have the jury polled for that cause.

We overrule the second issue.

### Judicial Recusal

In the third issue, Minniear argues that the trial judge should have recused herself because she previously represented him in a prior case. During a pre-trial hearing, the State informed the trial court that she previously represented Minniear on a family violence case in 2009. Minniear's defense counsel stated, "There's no objection, the defense doesn't have an issue with it." The trial court then stated, "I can honestly tell both of y'all that I don't remember. Okay. As long as there's no objection from either side. Okay."

In *Hathorne v. State*, the Court of Criminal Appeals held that the mere fact that the trial judge personally prosecuted the appellant in past cases does not disqualify him from presiding over a trial where a new offense is charged. *Hathorne v. State*, 459 S.W.2d 826,

829 (Tex. Crim. App. 1970). Minniear argues on appeal that *Williams v. Pennsylvania*, recently decided by the United States Supreme Court, effectively overrules *Hathorne v. State* and its progeny.

In *Williams v. Pennsylvania*, the Supreme Court of Pennsylvania vacated the decision of a postconviction court, which had granted relief to a prisoner convicted of first-degree murder and sentenced to death. *Williams v. Pennsylvania*, __ U.S. __ , 136 S.Ct. 1899, 1903,195 L.Ed.132, 138 (2016). One of the justices on the State Supreme Court had been the district attorney who gave his official approval to seek the death penalty in the prisoner's case. *Id*. The justice in question denied the prisoner's motion for recusal and participated in the decision to deny relief. *Id*. The Court held that under the <u>Due Process Clause</u> there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case. *Williams v. Pennsylvania*, __ U.S. __ , 136 S.Ct. 1899, 1905,195 L.Ed.132, 141 (2016).

The case before us is distinguishable from *Williams v. Pennsylvania. Williams v. Pennsylvania* involved a prosecutor who gave approval for seeking the death penalty in a case and then acting as a judge on that same case voted to deny relief and reinstate the death penalty sentence. The judge also denied a motion to recuse him from the case. In the present case, Minniear did not seek recusal of the trial court, and in fact, stated that he had no objection and no problem with the trial court remaining on the case. Further, the trial judge did not have personal involvement in a critical decision in prosecuting

Minniear's case that was before the court at that time. Rather, the trial court was defense counsel in a previous case six years prior to the present case. We decline to hold that *Williams v. Pennsylvania* overrules *Hathorne v. State*. We find that the holding in *Williams v. Pennsylvania* does not require recusal of the trial court under the facts of the case before us. We overrule Minniear's third issue.

**Conclusion**

We affirm the trial court's judgments.


AL SCOGGINS
Justice


Before Chief Justice Gray,
   Justice Davis, and
   Justice Scoggins
Affirmed
Opinion delivered and filed November 16, 2016
Do not publish
[CRPM]

