# Court of Appeals

## Tenth Appellate District of Texas

10-23-00163-CR

William Donald Nuckolls,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
County Court at Law No. 2 of Ellis County, Texas
Judge Gene Calvert, Jr., presiding
Trial Court Cause No. 2210332CR

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

William Donald Nuckolls was found guilty by a jury of the class B misdemeanor offense of driving while intoxicated. The jury assessed his punishment at twenty days confinement in the county jail and further recommended that the imposition of the sentence be suspended. The trial court assessed Nuckoll's punishment accordingly, suspended imposition of the

sentence for thirteen months, and placed Nuckolls on community supervision. We will affirm.

## A. Issue One

In his first issue Nuckolls contends he was deprived of his right to an impartial jury when the trial court allowed the State to display an image to the jury panel which was more prejudicial than it was probative.

### 1. Authority

We review a trial court's ruling limiting jury selection using an abuse-of-discretion standard, and the trial court's decision will not be disturbed unless it abuses its discretion. *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012); *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). A trial court has broad discretion over the jury selection process, including the propriety of particular questions. *Barajas v. State*, 93 S.W.3d at 38. If a question seeks discovery of a potential juror's views on any issue relevant to the case, it is proper. *Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003).

### 2. Discussion

In a pre-trial hearing prior to jury selection, Nuckolls objected to the State's use of an image depicting a young male holding what purported to be a driver's license. Nuckolls specifically argued that the image was "more

prejudicial than probative." The State replied indicating it was not being offered into evidence and that it was being used to illustrate "the nature of drivers on the road." The trial court overruled Nuckolls's objection and noted that the image on its face was not inherently objectionable.

During jury selection, the State displayed the image to the jury panel and stated, "I propose this is the most terrifying picture I could show you." The State indicated it was a picture of a young man holding a driver's license. Nuckolls re-urged his objection and when asked what his objection was, he stated, "Prejudicial. He just said it's the most frightening picture we could observe. Highly prejudicial. It's not relevant to any of the elements, not relevant to the law. It's just a feeling that he has and . . ." The trial court again overruled the objection. Nuckolls did not object to any questions propounded to the jury panel by the State regarding the image. The image was marked and admitted for record purposes.

Here, Nuckolls contends he was deprived of an impartial jury because the image was displayed to the jury panel. Nuckolls argues that the State used the image "to tell the jurors how terrifying it was that their 'sons and daughters' were at risk of being killed by drunk drivers" and the State attempted to commit the jury panel members "on their ability to find the

defendant guilty if they prove every element of their case by the loss of mental or physical faculties alone."

Nuckolls's objection appears to be a Rule 403 objection that sought to have the trial court conduct a balancing test for admission of relevant evidence. *See* TEX. R. EVID. 403. The State however was not offering the image as evidence. Because the image was used solely as a visual aid during jury selection, the trial court appropriately overruled Nuckolls's Rule 403 objection.

Here, Nuckolls additionally argues that the State's questions "were more prejudicial than probative in that they were intended to imply [Nuckolls] was a dangerous person for risking the lives of their 'sons and daughters' because he was involved in an automobile accident." And the State in doing so was attempting to commit the panel members to conclude a person is guilty simply because they were involved in an automobile accident.

To preserve error for appellate review, the record must show that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The issue on appeal must comport with the objection made in the trial court. *Clark*, 365 S.W.3d at 339. To determine whether a complaint on

appeal comports with a complaint made in the trial court, we look to the context of the objection and the shared understanding of the parties at the time. *Id.*

In the trial court, Nuckolls did not lodge an objection or argue that the State was attempting to commit the panel members to conclude a person is guilty simply because they were involved in an automobile accident. The complaint Nuckolls now raises does not comport with the objection made at trial; therefore, he has waived his complaint that the State's question was an attempt to commit the panel members.

We overrule Nuckolls's first issue.

## B. Issue Two

In Nuckolls's second issue, he complains that the trial court failed to provide an instruction in the punishment charge that the jury could not draw any adverse inference from his failure to testify.

1. Authority

In reviewing a jury-charge error issue, an appellate court's first duty is to determine whether the charge contains error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If the jury charge contains error, the appellate court must analyze

that error for harm. *Ngo*, 175 S.W.3d at 743; *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003).

"Upon request from a defendant, a trial judge must instruct jurors that they may not draw any adverse inference from a defendant's failure to testify." *Beathard v. State*, 767 S.W.2d 423, 432 (Tex. Crim. App. 1989). In the absence of a proper request or timely objection, the trial court is under no obligation to give the instruction and does not err in excluding the no-adverse-inference instruction in the charge. *See Michaelwicz v. State*, 186 S.W.3d 601, 624 (Tex. App.—Austin 2006, pet. ref'd); *see also Ramirez v. State*, 2009 WL 1567340, at *15, 2009 Tex. App. LEXIS 368, at *45 (Tex. App.—Corpus Christi Jan. 22, 2009, no pet.) (mem. op., not designated for publication). The decision to request a no-adverse-inference instruction is discretionary and a matter of trial strategy. *Calderon v. State*, 950 S.W.2d 121, 132 (Tex. App.—El Paso 1997, no pet.).

2. Discussion

Nuckolls's trial counsel did not request that a no-adverse-inferences instruction be included in the punishment charge. Accordingly, we conclude that the trial court did not err by failing to include a no-adverse-inferences instruction in the punishment charge.

We overrule Nuckolls's second issue.

## C. Issue Three

In Nuckolls's third issue, he complains that the trial Court made a comment on the evidence that was reasonably calculated to prejudice Nuckolls's case.

## 1. Authority

Article 38.05 of the Texas Code of Criminal Procedure provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX. CODE CRIM. PROC. ANN. art. 38.05.

In evaluating a claimed violation of article 38.05, we first determine whether the trial court's comments were, in fact, improper under the article. *Simon v. State*, 203 S.W.3d 581, 590 (Tex. App.—Houston [14th Dist.] 2006, no pet.). If so, we must then decide whether the comments were material. *Id.* at 592. If the comments were both improper and material, we address harm, using the standard for non-constitutional harm set forth in Texas Rule of Appellate Procedure 44.2(b). TEX. R. APP. P. 44.2(b); *Proenza v. State*, 541 S.W.3d 786, 801 (Tex. Crim. App. 2017). To constitute reversible error, the alleged comment on the weight of the evidence must be such that it is

reasonably calculated to benefit the State or to prejudice the defendant's rights. *Proenza v. State*, 541 S.W.3d at 791.

A trial court improperly comments on the weight of the evidence if it implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *Nguyen v. State*, 506 S.W.3d 69, 83 (Tex. App.—Texarkana 2016, pet. ref'd).

2. Discussion

At the conclusion of direct examination of a State's witness, the State passed the witness, and Nuckolls elected to reserve the right to recall the witness for cross-examination during Nuckolls's case-in-chief. The following then transpired:

> THE COURT: All right. I'm going to release the witness. And you'll be subject to recall, and we may be calling you back. You sure you don't want to ask him any questions?
>
> [NUCKOLLS]: Not at this time, Your Honor.
>
> THE COURT: Okay. You're free to leave. You may have to come back, okay. Don't discuss your testimony with any person, okay?
>
> THE WITNESS: Do I wait outside or...
>
> THE COURT: I don't know.
>
> [NUCKOLLS]: Just be available. If he can be available within 30 minutes. A call from the State or an hour. Whatever he needs.
>
> THE COURT: What are your duties and responsibilities today?

THE WITNESS: I got to go to work.

THE COURT: What time?

THE WITNESS: I was supposed to be there at 6:00. I told them I got subpoenaed so they said come whenever I got finished.

THE COURT: All right. Okay. I guess you're not going to be able to be released. Try to call your work, and tell them I don't know when you'll be released by the defense. And so, as soon as we can, I'll let you know whether you'll be coming back to testify or not, okay.

THE WITNESS: You want me to wait outside?

THE COURT: Yes, sir.

Nuckolls contends that the trial "court's comment was an impermissible comment on the evidence because it implied disapproval of the [d]efense's position, i.e., that the Defense was deliberately delaying their cross-examination of Harris thereby further delaying his commitment to his job." Nuckolls argues that the "comment was directed at a material issue because the sufficiency of the evidence to support a conviction is an issue for the jury." Nuckolls further argues that when the trial court asked Nuckolls if he was "certain [he] had no questions at that time, the comment was reasonably calculated to prejudice Nuckolls by suggesting Nuckolls lacked sufficient evidence to question [the witness]." We disagree.

Trial courts have discretion in the exercise of their power to control the business of the court and to preserve proper order and decorum. *Hathorne v.*

*State*, 459 S.W.2d 826, 834 (Tex. Crim. App. 1970). Comments by the trial court made to maintain control and expedite the trial do not violate Article 38.05. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001); see also TEX. R. EVID. 611(a) (trial court shall exercise reasonable control over mode of examining witnesses to avoid wasting time and protect witnesses from harassment). A judge may lawfully provide guidance and manage the presentation of evidence without abandoning his role as a neutral and independent arbiter. *Barron v. State*, 630 S.W.3d 392, 408 (Tex. App.—Eastland 2021, pet. ref'd).

The trial court asking Nuckolls if he was "sure you don't want to ask him any questions" or commenting to the witness that the trial court did not know when the witness would be "released by the defense" did not imply approval of any State's argument, indicate disbelief in any defense's position, or diminish the credibility of the defense's approach to the case. *See Nguyen v. State*, 506 S.W.3d 69, 83 (Tex. App.—Texarkana 2016, pet. ref'd). The entire colloquy was clearly an effort by the trial court to manage the trial and schedule witness availability. In addition, even if we assume that the comments by the trial court constituted an improper comment on the weight of the evidence, we conclude that any such error was not reasonably calculated to benefit the State

or to prejudice Nuckolls's rights, and therefore was not reversible error. *See Proenza*, 541 S.W.3d at 791.

We overrule Nuckolls's third issue.

### D. Conclusion

Having overruled all of Nuckolls's issues we affirm the judgment of the trial court.

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  July 10, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
CR25

