

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00323-CR
No. 07-24-00324-CR

VICTOR ALVARADO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Parmer County, Texas
Trial Court No. CR03842, CR03853, Honorable Kathryn H. Gurley, Presiding

August 20, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Victor Alvarado Jr., appeals from judgments of conviction for unlawful possession of a firearm by a felon[1] and possession of a controlled substance.[2]  After a jury found Appellant guilty on both charges, the State proved enhancement allegations

---

[1] TEX. PENAL CODE ANN. § 46.04(e).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(d).

based on Appellant's prior felony convictions, resulting in increased punishment ranges. The jury assessed punishment at twenty years of imprisonment plus a $10,000 fine for the enhanced firearm offense and forty years of imprisonment for the drug offense under the habitual offender statute.[3] The trial court sentenced Appellant accordingly, with sentences to run concurrently.

Appellant does not challenge the sufficiency of the evidence supporting the jury's finding of guilt and sentencing. Because we conclude that the visiting judge properly denied Appellant's motion to recuse and the trial court did not abuse its discretion in denying Appellant's motion to exclude evidence and for continuance, we overrule Appellant's two issues and affirm both judgments.

## BACKGROUND

In the early morning hours of November 15, 2023, Sergeant Pedro Sanchez, Jr. initiated a traffic stop of Appellant's vehicle for operating without functioning taillights. During the encounter, which escalated during the course of the stop, Sergeant Sanchez discovered contraband both on Appellant's person and in his vehicle. Sanchez found on Appellant a loaded 9mm Ruger semi-automatic pistol and a container with seven individually-packaged bags of methamphetamine weighing 4.6 grams. In the vehicle, officers discovered a second 9mm firearm and ammunition. Appellant voluntarily disclosed that he was a convicted felon on parole. He was arrested.

---

[3] TEX. PENAL CODE ANN. § 12.42(d).

2

The State charged Appellant with unlawful possession of a firearm by a felon and possession of a controlled substance. Both indictments included enhancement paragraphs alleging prior felony convictions.

On Saturday, September 21, 2024, three days before trial was to begin, Friona police gave the State a copy of Officer Sanchez's body camera video.[4] Appellant's counsel reviewed the video on Sunday, September 22. Appellant moved to exclude the video, or alternatively for a continuance, due to the untimely production of evidence. The State conceded the evidence was untimely but argued the body camera video contained the same information as Officer Sanchez's report and video from the police cruiser's dash camera.

At a pretrial hearing on Monday, September 23, the trial court ruled that although the State's production of the body camera video was untimely, it would not exclude the evidence. To allow Appellant time to review the video and prepare a defense, however, the trial court postponed presentation of evidence until Thursday, September 26.

Appellant also filed a motion to recuse the trial judge, alleging partiality or bias because she had been the district attorney when one or more of the underlying enhancement convictions had been tried. After hearing the arguments of both Appellant and the State, the visiting judge assigned to hear the motion overruled Appellant's motion.

---

[4] Allegedly, the delay in locating and producing the video was due to a computer issue.

**ANALYSIS**

Both of Appellant's issues require an abuse of discretion standard of review. A trial court abuses its discretion if its decision in not within the zone of reasonable disagreement. *State v. Heath*, 696 S.W.3d 677, 688–89 (Tex. Crim. App. 2024); *Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011). An appellate court may not substitute its own decision for the trial court's. *Heath*, 696 S.W.3d at 688–89. If the trial court's evidentiary ruling is within the zone of reasonable disagreement, we will not intercede. *Id.*

Motion to Disqualify or Recuse

In his first issue, Appellant argues the visiting judge reversibly erred in failing to recuse or disqualify the trial judge. We overrule the issue.

A Texas judge may be removed from presiding over a case for three reasons: constitutional disqualification, statutory strike, or recusal under Texas Supreme Court rules. *Gaal*, 332 S.W.3d at 452(citations omitted). Regarding grounds for disqualification, the Texas Constitution provides in relevant part:

> No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case.

TEX. CONST. ART. V, § 11.  *See also* TEX. CODE CRIM. PROC. ANN. art. 30.01.  There is no evidence that the trial judge had a pecuniary or personal interest[5] in the case or was connected with any of the parties.

The constitutional provision disqualifying a judge who "shall have been counsel in the case" has been interpreted to mean that a trial judge is disqualified from sitting on a matter if he or she represented the State in the very case at issue and performed more than a mere perfunctory act as counsel.  *Metts v. State*, 510 S.W.3d 1, 5 (Tex. Crim. App. 2016), as corrected (Oct. 19, 2016); *Hathorne v. State*, 459 S.W.2d 826, 829 (Tex. Crim. App. 1970).  However, it has been "well settled" for more than 50 years that "the mere fact that the trial judge personally prosecuted the appellant in past cases does not disqualify [her] from presiding over a trial where a new offense is charged."  *Hathorne*, 459 S.W.2d at 829.  This remains true even when the State uses for enhancement purposes prior convictions that the judge secured as prosecutor.[6]  *Id.* at 830; *see also Mumphrey v. State*, 509 S.W.3d 565, 569 (Tex. App.—Texarkana 2016, pet ref'd); *Kuykendall v. State*, 335 S.W.3d 429, 432 (Tex. App.—Beaumont 2011, pet. ref'd).  Because the trial judge prosecuted Appellant's prior cases, not the current charges, she did not come within the meaning of "counsel in the case" as used in the Texas Constitution or article 30.01 of the Texas Code of Criminal Procedure.

---

[5] *Wood v. State*, 693 S.W.3d 308, 321 (Tex. Crim. App. 2024), reh'g denied (Aug. 21, 2024), cert. denied, 145 S. Ct. 1183, 221 L. Ed. 2d 265 (2025) (holding that "interest" under the Texas Constitution refers to a pecuniary or personal interest in the outcome of the case).

[6] Appellant does not challenge the validity of the prior convictions.

Turning to recusal, Rule 18b(b) of the Texas Rules of Civil Procedure governs recusal in both civil and criminal cases; it identifies eight situations requiring mandatory recusal. TEX. R. CIV. P. 18b.[7]  A judge's impartiality might reasonably be questioned "only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Gaal*, 332 S.W.3d at 453 (citing *Liteky v. United States,* 510 U.S. 540, 558 (1994) (Kennedy, J., concurring)).

Nothing in the record suggests the trial court satisfied any of the eight grounds for

---

[7] A judge must recuse in any proceeding in which:

(1) the judge's impartiality might reasonably be questioned;

(2) the judge has a personal bias or prejudice concerning the subject matter or a party;

(3) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding;

(4) the judge or a lawyer with whom the judge previously practiced law has been a material witness concerning the proceeding;

(5) the judge participated as counsel, adviser, or material witness in the matter in controversy, or expressed an opinion concerning the merits of it, while acting as an attorney in government service;

(6) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(7) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

    (A) is a party to the proceeding or an officer, director, or trustee of a party;

    (B) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or

    (C) is to the judge's knowledge likely to be a material witness in the proceeding.

[or] (8) the judge or the judge's spouse, or a person within the first degree of relationship to either of them, or the spouse of such a person, is acting as a lawyer in the proceeding.

TEX. R. CIV. P. 18b (alteration added).

6

mandatory recusal under the Texas Rules of Civil Procedure. The record contains no evidence that the judge was partial, harbored personal bias or prejudice, possessed knowledge of disputed evidentiary facts, served as a witness, practiced with a material witness, acted as an attorney in this case, or was related to any interested party or lawyer in this case. We overrule Appellant's first issue.

Motion to Exclude or for Continuance

In his second issue, Appellant argues the court abused its discretion by failing to exclude the body camera evidence or grant an adequate continuance. We disagree.

Article 39.14 of the Texas Code of Criminal Procedure imposes a duty upon the State to produce discovery "as soon as practicable after receiving a timely request from the defendant." TEX. CODE CRIM. PROC. ANN. art. 39.14(a). In addition, even in the absence of a request by the defendant, the State has a "free-standing duty" to disclose all exculpatory, impeaching, and mitigating evidence in its possession, custody, or control that tends to negate guilt or reduce punishment for the offense charged. TEX. CODE CRIM. PROC. ANN. art. 39.14(h); *State v. Heath*, 696 S.W.3d 677, 695 (Tex. Crim. App. 2024). These duties of production extend to items being held in the custody of law enforcement. *Heath*, 696 S.W.3d at 693.

Article 39.14 does not provide a remedy for a discovery violation. However, the trial court *may* exclude untimely evidence. *See Heath*, 696 S.W.3d at 707–08. Alternatively, the court may grant a continuance or temporarily postpone trial. *Id.* The question on appeal is whether "the trial court was within its discretion to fashion a remedy it deemed appropriate." *Id.* at 708. Appellant candidly acknowledges the discretion

7

afforded to the trial court. Appellant's true complaint appears to be that the continuance was insufficient in length, not that it could not have been granted.

For this proposition, Appellant relies on *Hance v. State*, 714 S.W.3d 775 (Tex. App.—Fort Worth 2025, no pet.), but that case is distinguishable. In *Hance*, the State disclosed a laptop mid-trial that potentially contained evidence to impeach three witnesses. *Id.* at 795–96, 828. The trial court recognized the defendant would need a forensic expert and substantial time to review the computer's hard drive. Despite ordering a two-week continuance and immediate turnover of the laptop, the State failed to comply with the turnover order, citing child pornography restrictions. With eight days remaining in the continuance and the defendant still denied access to the laptop, the court resumed trial, allowing defense counsel only one hour to review limited materials without expert assistance. The appellate court held this continuance was inadequate because it deprived the defendant of meaningful tools for defense, rendering the conviction fundamentally unfair. *Id.* at 833.

*Hance* is not analogous to the present case. Here, Appellant received the one-hour body camera video before trial began and his counsel reviewed it prior to the commencement of proceedings. Unlike *Hance*, Appellant neither requested nor needed additional assistance to review the body camera footage. The information contained in the video was not new—it duplicated information already available to Appellant through

Officer Sanchez's report and the previously-disclosed dash camera video, which had been provided well in advance of trial.[8]

The circumstances here did not deprive Appellant of fundamental tools necessary for his defense. The trial court's decision to grant a continuance was a reasonable exercise of discretion that allowed Appellant adequate time to adjust his trial strategy based on the evidence he had already reviewed in written and visual form. While granting a continuance "was not the only remedy available to the trial court, it was not a remedy that was beyond the trial court's discretion to impose." *See Heath*, 696 S.W.3d at 708.

We overrule Appellant's second issue.

### CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgments.

Lawrence M. Doss<br>
Justice

Do not publish.

---

[8] To this end, Appellant must show he was harmed by the trial court's decision. Speculative harm is insufficient; the defendant must demonstrate with considerable specificity how he was harmed by the absence of more preparation time than he actually had. *Tulk v. State*, No. 02-24-00432-CR, 2025 Tex. App. LEXIS 5404, at *8 (Tex. App.—Fort Worth July 24, 2025, no pet. h.) (cleaned up) (rejecting appellant's speculative claim that continuance denial harmed him when he needed time to review 8 gigabytes of video evidence).