## R. C. TRINKLE v. THE STATE.

No. 537. Decided April 13, 1910.

Rehearing denied May 11, 1910.

**1.—Local Option—Indictment—Grand Jury—Deputy Sheriff.**

A deputy sheriff is not disqualified from serving as a member of the grand jury; and where no challenge had been made at the time to his right to sit as a member of the grand jury, a motion to quash the indictment on this ground was properly overruled. Besides the juror was not a legal deputy sheriff.

**2.—Same—Continuance—Impeaching Witness—Affidavit.**

Where, upon trial of a violation of the local option law, the absent testimony as set out in defendant's motion for continuance, was of an impeaching character, there was no error in overruling same; besides there was no affidavit of the alleged absent witnesses to defendant's motion for new trial.

**3.—Same—Special Judge—Disqualification.**

Where it was not shown that the trial judge was in any sense interested in the case at bar or had such relations with defendant as would disqualify him, the objection that the judge had been of counsel against defendant in other cases was untenable.

**4.—Same—Evidence—Accomplice.**

Purchasers of intoxicating liquors are not accomplices as that term is used in the law, and there was no error in the court's failure to charge on accomplice testimony.

**5.—Same—Argument of Counsel.**

Where State's counsel in his argument said that the defendant did not want his witnesses but merely wanted a continuance, the same was not of sufficient importance to authorize a reversal.

Appeal from the County Court of Upshur County. Tried below before the Honorable Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and thirty days confinement in the county jail.

The opinion states the case.

*J. P. Hart* and *Warren & Briggs,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

Vol. LIX. Crim.—17.

RAMSEY, Judge.—Appellant was charged by indictment with the sale of intoxicating liquors to one Joe Teffteller on the 15th day of February, 1909, in violation of law. At a trial had in the County Court, of Upshur County on July 1, 1909, he was convicted of the offense charged, and his punishment assessed at a fine of $75 and thirty days confinement in the county jail.

1. Appellant filed a motion to quash the indictment on the ground, in substance, that C. A. Green, who acted as foreman of the grand jury, and who signed the bill as such, was, at the time he was serving, a deputy sheriff of Upshur County, Texas, which position it was averred was an office of emolument, and that the office of foreman of the grand jury was also an office of emolument, and can not be filled by the same party at the same time. The court overruled this motion to quash, and appellant excepted. The bill recites that the motion to quash was made, among other things, for the reasons stated, and it was shown by the testimony of L. A. Latch that he appointed Green deputy sheriff on the 24th day of November, 1906; that a commission was issued to him as such, and that he gave bond as such deputy, and has continued to act since that time. Mr. Latch says he was reelected sheriff in November, 1908, but did not recommission Green as deputy sheriff, and that he is acting without a new deputation and without any new bond. He stated also that Green had served some process, and he presumed, charged the regular fees, but reasserts that he had not been reappointed since his election in 1908, but is serving under the original appointment, and that he has never resigned within his knowledge; and further, that he had been acting as deputy sheriff since the grand jury adjourned at the last term of the District Court, and further, that he was foreman of the grand jury which returned the bill in this case. If it were necessary for a decision of the case, we think there could be no doubt that Mr. Green was not in law a deputy sheriff at the time he served on the grand jury in Upshur County. His appointment had as certainly lapsed at the expiration of Mr. Latch's first term of office, as that Mr. Latch himself must stand for reelection. Again, whatever might be the desirability of such practice, we are not prepared to hold in any event that where no challenge had been made at the time to his right to sit as a member of the grand jury, that we would not be authorized to quash the indictment because a deputy sheriff had acted as a member of the grand jury returning same. In fact he was not, under the law, disqualified from serving as a member of the grand jury.

2. When the case was called for trial appellant made an application for a continuance on account of the absence of a considerable number of witnesses. Among others, he sought the attendance of R. A. Adkins, Bob Carrington and Wess White by whom he expected to prove that they were acquainted with the general reputation of Joe Teffteller

in the community in which he lived during the year 1908 for truth and veracity, and that such reputation is bad. It is well settled that where the testimony sought could only be available to impeach a State's witness, who is to testify in a case, that the continuance should be refused. Garrett v. State, 37 Texas Crim. Rep., 198; Rodgers v. State, 36 Texas Crim. Rep., 563. It has also been held that a continuance will not be granted to obtain impeaching testimony. Butts v. State, 35 Texas Crim. Rep., 364; Franklin v. State, 34 Texas Crim. Rep., 203. If that rule has ever obtained in any case, it certainly should obtain here. In the first place, if the witness' reputation was bad in the community where he lived, presumably there would be little difficulty in obtaining proof of that fact. Again, in this case appellant did not testify, and there was no issue made as to the truth of Teffteller's testimony except as it might be affected by his admission that he was employed by the peace officers in Upshur County to aid in bringing about convictions for violations of the local option law. Again, it is to be noted that no affidavit was filed by the witnesses after conviction showing that they would have given the testimony sought. Matters of this sort being so peculiarly within the discretion of the court, we do not feel that we ought to interfere unless there is a clear case of abuse.

3. Again, when the case was called, appellant objected to going to trial before Hon. W. R. Stephens, special judge, who had been theretofore selected, on the ground that he had theretofore prosecuted this defendant for alleged violations of the local option law as private prosecutor under employment either by private parties or the county attorney, and, therefore, that appellant verily believes that said special judge is so prejudiced against him, that he can not and will not give defendant a fair and impartial trial. This matter is saved by bill of exceptions, in which it is recited that appellant presented his written motion sworn to by him, alleging the facts above set out, and that said motion and the facts therein stated were not controverted. It is not claimed nor contended that Judge Stephens was in any sense interested in the case at bar, or that he had ever been consulted about it or had such relation thereto as would disqualify him. The sole ground upon which the effort rested to recuse him was that he had theretofore been of counsel in other cases against appellant, and for this reason appellant believed he was so prejudiced against him as to deny him a fair trial. We are not referred to any authority which would authorize us to hold him disqualified and retire him from the position of special judge.

4. Some contention is made in the case that under the facts in evidence Teffteller was an accomplice, and that the court should have given an instruction with reference to accomplice testimony. Purchasers of intoxicating liquors are not accomplices as that term is

used in the law, and has never been so held, and the court was not required to so instruct the jury.

5.  Some complaint is made of the argument and statements of the county attorney to the jury to the effect, in substance, that appellant did not want his witnesses, but merely wanted a continuance. We can not think this matter is' of such importance as would either require or justify us in reversing the case. The evidence of Joe Teffteller makes a case against appellant beyond doubt. His credibility, of course, was a question of fact for the jury. As presented to us, there is no question raised that authorizes a reversal of the case and it is therefore affirmed.

*Affirmed.*

[Rehearing denied May 11, 1910.—Reporter.]