Charles E. HOLLIFIELD, Plaintiff,

v.

Bobby McMAHAN, Defendant.

No. CIV–2–76–145.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 14, 1977.

See also, D.C., 438 F.Supp. 589.

Steven E. Lane, Witt, Waters, Webb & Lane, Knoxville, Tenn., for plaintiff.

John F. Dugger, Bacon, Dugger & Jessee, Morristown, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This action for money damages and equitable relief was the subject of a bench trial on June 22, 1977. The plaintiff Mr. Charles E. Hollifield claims that he, a citizen of the United States, was deprived by the defendant of rights guaranteed him by the Constitution, First and Fourteenth Amendments, when he was discharged as a deputy sheriff of Hamblen County, Tennessee by the sheriff of such county, acting under color of state law, because he had exercised his freedom to participate in the particular manner he had chosen in a political campaign. 42 U.S.C. § 1983. This Court has jurisdiction of such actions under the provisions of 28 U.S.C. § 1343(3).

The salient facts are clear: the defendant Sheriff Bobby McMahan was an independent candidate to succeed himself as sheriff of Hamblen County, Tennessee on May 25, 1976. He was opposed therein by former sheriff Gale Jarnigan, the nominee of the Democratic Party, and Mr. Guy H. Collins, the nominee of the Republican Party. The plaintiff Mr. Hollifield was an open and active supporter of Mr. Collins.

■ On the aforementioned date, Messrs. McMahan and Hollifield engaged in a candid conversation. Mr. Hollifield apprised Mr. McMahan of his support of Mr. Collins as the nominee of the party of his preference. Mr. McMahan conceded to Mr. Hollifield that the matter of which candidate for whom he cast his vote was "* * * your business, * * *" but added that, from reports Sheriff McMahan was receiving from other law enforcement officers in the sheriff's department of the county, the defendant feared that the spectacle of a deputy sheriff's supporting another candidate other than the defendant, who had appointed the plaintiff to his public office, might have an undesirable effect on the morale of that department. For this reason, Sheriff McMahan suggested that Mr. Hollifield continue his support of Mr. Collins if he wished but to "* * * keep a low profile.* * *"

---

* One inference flowing reasonably from this suggestion was that Mr. Hollifield should discontinue his practice of riding in patrol cars operated by the county sheriff's department with Mr. James E. McKinney, a constable in the county who was directing Mr. Collins' political efforts. Mr. McKinney had irritated Sheriff McMahan in a particularly frustrating manner, by intruding himself into otherwise private conversations which Sheriff McMahan had under-

Mr. Hollifield rejected this suggestion out-of-hand, saying that he planned to "* * * do everything I can * * *" for Mr. Collins, and adding: "* * * that's the way it is, and the way it's going to be. * * *" Whereupon, Sheriff McMahan advised Mr. Hollifield that he "* * * no longer needed * * *" Mr. Hollifield "* * * to work for me * * *" and gave the plaintiff the choice of either resigning or being discharged. The plaintiff elected to be, and was, terminated on-the-spot.

 The Court finds that Mr. Hollifield was, at the pertinent times, in a non-policymaking public position. Although the common law vests in Tennessee's sheriffs the unbridled power to terminate the commissions of deputies sheriff appointed by them, see memorandum opinion and order herein of December 14, 1976, the federal Constitution precludes the discharge of non-policymaking public employees solely because of their partisan political conduct. *Elrod v. Burns* (1976), 427 U.S. 347, 349, 367, 372, 96 S.Ct. 2673, 2678, 2687, 2689, 49 L.Ed.2d 547, 551, 562, 565 [lb]. Sheriff McMahan's expressed concern that Mr. Hollifield's political conduct might demoralize during an election campaign law enforcement within his jurisdiction was a legitimate interest; but, he was not authorized to choose the means he did to pursue that interest when it restricted unnecessarily the constitutionally-protected liberty of Mr. Hollifield. *Kusper v. Pontikes* (1973), 414 U.S. 51, 58–59, 94 S.Ct. 303, 38 L.Ed.2d 260, 267 [8]. So, Mr. Hollifield carried his burden of showing by the greater weight of the evidence that his political conduct was protected in this instance by federal constitutional law, and that such conduct comprised a substantial and motivating factor in the termination of his public employment by Sheriff McMahan. See *Mt. Healthy City Board of Ed. v. Doyle* (1977), 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471, 484[15].

 Sheriff McMahan failed to prove thereafter by the preponderance of the evidence that he would have terminated Mr. Hollifield's employment as a law enforcement officer, even if Mr. Hollifield had not engaged in the political conduct which precipitated the latter's termination. *Idem.* Thus, by depriving Mr. Hollifield of his office, Sheriff McMahan impinged on the former's right to participate as he chose in a private, voluntary political association, which constitutes an important aspect of a citizen's freedom under the Constitution, First Amendment. *Lefkowitz v. Cunningham* (1977), 431 U.S. 801, 807, 97 S.Ct. 2132, 2137, 53 L.Ed.2d 1, 8 [10].

Had Mr. Hollifield not been discharged wrongfully, he would have earned in the ensuing six months-period the sum of $4,550. In that period, he earned the aggregate amount of $2,585, a difference of $1,965. After six months, Mr. Hollifield commenced earning more money than he would have earned as such deputy sheriff.

 The Court, in his discretion, may allow Mr. Hollifield a reasonable attorney's fee as part of the costs herein, 42 U.S.C. § 1988. As the plaintiff introduced no proof of the amount of a reasonable attorney's fee for his counsel, in its discretion, the Court allows Mr. Hollifield's attorney the sum of $1,000 as such a fee. Thus, it is the decision of this Court that the plaintiff Mr. Charles E. Hollifield recover of the defendant Mr. Bobby McMahan the sum of one-thousand, nine-hundred, sixty-five dollars ($1,965) and his costs of this action, including the sum of one-thousand dollars ($1,000) which is allowed as part of the costs herein. Rule 58(1), Federal Rules of Civil Procedure.

taken to have with other persons concerning matters of law enforcement.

Of course, the Constitution, First Amendment, protected Mr. Hollifield's freedom to associate with Mr. McKinney for the advancement of their common political beliefs, and the Constitution, Fourteenth Amendment, prevented Sheriff McMahan's infringement of that right in his capacity as an officer of the state of Tennessee. *Williams v. Rhodes* (1968), 393 U.S. 23, 30–31, 89 S.Ct. 5, 21 L.Ed.2d 24, 31[8].

The Court might also order Mr. Hollifield reinstated to his former position. *Mt. Healthy City Board of Ed. v. Doyle, supra,* 429 U.S. at 287, 97 S.Ct. at 576, 50 L.Ed.2d at 484[15]; see also *Rolfe v. County Board of Education of Lincoln Co., Tenn.,* D.C. Tenn. (1966), 282 F.Supp. 192, 200[3], affirmed C.A. 6th (1968), 391 F.2d 77, and injunctive relief to prevent any future violations by the defendant of the plaintiff's federally-protected civil rights, *Elrod v. Burns, supra,* 427 U.S. at 372, 96 S.Ct. at 2689, 49 L.Ed.2d at 565[1b]. The Court concludes that neither such form of equitable relief is appropriate herein.

■ The evidence reflected that Mr. Hollifield lacks the more desirable temperament to be a law enforcement officer. While he was serving as an uncompensated deputy under the administration of the aforenamed former Hamblen County Sheriff Jarnigan, Mr. Hollifield fired a pistol in a darkened school building during a burglary investigation while school was in session and students might have been present therein and while a fellow-officer was known by Mr. Hollifield to be present therein also. After this occurrence, former Sheriff Jarnigan instructed his subordinates to utilize Mr. Hollifield's services no further. On another occasion, Mr. Hollifield caused a fellow-law enforcement officer to interrupt answering a call by other fellow-officers, who deemed themselves personally endangered, for "* * * back-up help. * * *" Generally, other members of the sheriff's department involved expressed to their superiors their reluctance to ride on night-patrol missions with Mr. Hollifield because of his evident nervous disposition and his utilizing a dangerous weapon in the course of routine investigations. Under these circumstances, the Court is not constrained to order the defendant to reinstate the plaintiff to his former position as a law enforcement officer.

■ Furthermore, although the Court recognizes that this action involves Mr. Hollifield's freedom of association "* * * which must be carefully guarded against infringement by public officers, * * *"

*Elrod v. Burns, supra,* 427 U.S. at 373, 96 S.Ct. at 2689, 49 L.Ed.2d at 565[1b], as Mr. Hollifield has now turned his income-producing talents into a field other than law enforcement and is highly unlikely to return to a position wherein the defendant may be expected reasonably to infringe upon his right of association, the plaintiff hereby is

DENIED all equitable relief. Rule 58(1), Federal Rules of Civil Procedure.