Lawrence BALOGH, Plaintiff,

v.

Raymond CHARRON, Defendant.

Civ. No. 86-CV-72277-DT.

United States District Court,
E.D. Michigan, S.D.

Aug. 31, 1987.

---

Stephen Remski, Detroit, Mich., for plaintiff.

Richard Zapala, Asst. Atty. Gen., Tort Defense Div., Lansing, Mich., for defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff, a court officer, claims he was wrongfully discharged for political reasons in violation of his First Amendment rights by defendant, a newly elected district judge for the 26th District Court, County of Wayne, State of Michigan. The background of the case is described in the Order of June 15, 1987. Before the Court is defendant's motion for summary judgment on grounds that defendant's choice of a court officer is discretionary.

At a hearing on June 15, 1987, defendant's motion was denied without prejudice because of a lack of documentation. The parties have supplemented the record. Defendant has filed a list of undisputed facts supported by the affidavits of defendant and George Mihaiu, his predecessor. Plaintiff has filed a summary of disputed facts and an affidavit. For the reasons which follow, the Court finds that defendant's discharge of plaintiff for political reasons does not violate plaintiff's constitutional rights; accordingly defendant's motion is GRANTED and this case is DISMISSED.

### II.

Based on the pretrial depositions and affidavits of plaintiff, defendant, and defendant's predecessor the following material facts are not in dispute.

Plaintiff was hired by defendant's predecessor. On retirement of the predecessor, the judgeship was contested by the defendant and another lawyer. Plaintiff supported the other lawyer. Upon assuming the judgeship, defendant discharged plaintiff because of plaintiff's support for his opponent.

The 26th District is a single-judge court located in a relatively small community.

The court officer is an at will employee who serves at the pleasure of the judge. The court officer is ordinarily a friend and confidant of the judge. He receives and transmits confidential information; acts as a liason with the police department, manages the docket; maintains order in the courtroom; and handles the jury. The court officer makes phone calls on behalf of the judge; has routine access to the files and records of the judge, including personal notes. The court officer is responsible for the personal security of the judge. He is also responsible for talking to defendants about their ability to pay fines and serve jail time.

### III.

■ Political patronage discharges are an exception to the prohibition against the discharge of a public employee for the exercise of First Amendment rights. *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). The political patronage exception was first recognized in *Elrod, supra.* The Supreme Court stated that public employees who are either confidential employees or who work in policymaking positions are not protected by the First Amendment against a politically motivated discharge. 427 U.S. at 367–72, 96 S.Ct. at 2687–89. In *Branti v. Finkel, supra,* the Supreme Court stated that the inquiry should instead be whether political concerns are an appropriate requirement for the office involved. 445 U.S. at 518, 100 S.Ct. at 1295. Although no longer a clear test of whether the political patronage exception applies, an employee's confidential status may be a consideration in determining whether political concerns are a valid requirement. *Meeks v. Grimes*, 779 F.2d 417, 420 (7th Cir.1985).

■ Because the court officer in the 26th District is in close contact with the judge and has access to confidential communications and records affecting decisions, the court officer is a confidential employee. *Meeks, supra,* at 420. Access to such confidential information, combined with the court officer's duty to protect the judge, allows political concerns to be a legitimate requirement for the position. *See Meeks, supra,* at 423 ("it [political patronage exception] may refer only to the

judge's secretary, the law clerks, and, possibly a court reporter or *bailiff assigned exclusively to the judge.*") (emphasis added). Under *Branti, supra,* the discharge here falls within the political patronage exception.

Plaintiff is also a confidential employee who could create a security problem either through a leak of confidential information or by inefficient protection of defendant. Accordingly, the state's interest in promoting efficient public service outweighs plaintiff's First Amendment rights. *Donlin v. Watkins,* 814 F.2d 273 (6th Cir.1987). It is not necessary to wait until the office is actually disrupted before taking action. *Connick v. Myers,* 461 U.S. 138, 151–52, 103 S.Ct. 1684, 1692–93, 75 L.Ed.2d 708 (1983).

## IV.

Because the Court has found that plaintiff's discharge is a political patronage discharge which does not establish a constitutional violation, there is no need to address defendant's claim of qualified immunity.

SO ORDERED.