Lawrence H. BALOGH,
Plaintiff–Appellant,

v.

Honorable Raymond CHARRON, The
26th District Court Judge, and
individually, Defendant–Appellee.

No. 87–1910.

United States Court of Appeals,
Sixth Circuit.

Argued July 28, 1988.

Decided Aug. 29, 1988.

Rehearing and Rehearing En Banc
Denied Oct. 14, 1988.

Stephen J. Remski (argued), Detroit, Mich., for plaintiff-appellant.

Frank J. Kelley, Eric J. Eggan (argued), Asst. Atty. Gen., Louis J. Caruso, Sol. Gen., Lansing, Mich., for defendant-appellee.

F. Dennis Luke, City Atty., Allen Park, Mich., for Doig.

Before MERRITT and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

MERRITT, Circuit Judge.

A discharged court officer exclusively assigned to an elected Michigan trial judge as bailiff sues the judge on the theory that his discharge for political reasons violates the First Amendment principles enunciated in *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), *Branti v. Finkel*, 445 U.S. 507 (1980), and *Avery v. Jennings*, 786 F.2d 233 (6th Cir.1986). He asserts that he was discharged as the judge's court officer or bailiff because he supported the judge's opponent in a recently concluded judicial election. We agree with the decision of District Judge Avern Cohn, reported at 666 F.Supp. 987 (E.D. Mich.1987), that the bailiff to the judge, like an administrative or legislative aide to a legislator, is a confidential employee. As a judicial aide, his confidential relationship arises because he handles sensitive communications for the judge, acts as his bodyguard and may discuss and learn about the outcome of cases pending before the judge before the decision is announced to the public.

The test of confidential employment does not depend on the subjective view of the employee concerning the trust the judge reposes in him, nor does it depend on the subjective view of the judge concerning the need for intimacy or trust. It is a more objective standard. It depends on the function of the job. Judicial aides who work in chambers and are assigned to one judge as court officer, bodyguard and general assistant normally handle sensitive information about cases of a confidential nature, information which is not public information. Judges must be able to rely on the

confidentiality of the relationship with such aides, just as they must rely on the confidentiality of their relationship with their private secretaries and law clerks. The need for confidentiality between a judge and the staff in his immediate chambers is no less necessary than the need for confidentiality between legislators and their aides.

For these reasons and the reasons more fully set out in Judge Cohn's opinion in the court below, we affirm the judgment of the District Court.