**EL PASO COUNTY SHERIFF'S DEPUTIES' ASSOCIATION, INC., Appellant,**

v.

**Sheriff Leo SAMANIEGO, Sheriff of El Paso County, Texas, Appellee.**

No. 08–90–00054–CV.

Court of Appeals of Texas, El Paso.

Oct. 10, 1990.

Rehearing Overruled Nov. 28, 1990.

William J. Ellis, El Paso, for appellant.

Joe Lucas, County Atty., El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a take nothing judgment emanating from a bench trial. We affirm.

Three deputy sheriffs were not redeputized at the beginning of the sheriff's newly elected term. An action was then brought to compel the sheriff to submit the failure to rehire the deputies to arbitration under a collective bargaining agreement between the deputies' association and sheriff in effect at that time that had been contracted under the authority of Tex.Rev. Civ.Stat.Ann. art. 5154c–1 (Vernon 1987).

The Appellant's sole point of error complains of the trial court's failure to grant its requested relief.

■ When findings of fact and conclusions of law have not been requested and are not available on appeal, all questions of fact will be presumed and found in support of the judgment. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.1977). In such a case, the judgment of the trial court must be af-

firmed on appeal if it can be upheld on any legal theory that finds support in the evidence. *Id.*

■ The arbitration agreement provides for grievance procedures in case of termination of a deputy by the sheriff. There is no contention that the language of the contract is ambiguous, and, therefore, the terms will be construed to its meaning and natural import. *Whitworth Estate v. Mangels of Texas, Inc.,* 363 S.W.2d 851 (Tex.Civ.App.—Waco 1962, no writ). The provision for grievance procedures for termination also provides for grievance procedures involving demotions, reprimands and suspensions; all of which are included under the provision entitled *"DISCIPLINE."*

Tex.Local Gov't Code Ann. sec. 85.003 (Vernon 1988), formerly Tex.Rev.Civ.Stat. Ann. art. 6869, provides in part that sheriffs shall have the power, by writing, to appoint deputies for their respective counties and to continue in office during the pleasure of the sheriff. This statute has been interpreted to mean the sheriff can terminate the deputy's tenure at will. *Murray v. Harris,* 112 S.W.2d 1091 (Tex. Civ.App.—Amarillo 1938, writ dism'd). This statutory right to terminate was abrogated by the contract in question.

■ A deputy sheriff's term expires when the sheriff's term expires. *County of El Paso v. Hill,* 754 S.W.2d 267 (Tex. App.—El Paso 1988, writ denied); *Samaniego v. Arguelles,* 737 S.W.2d 88 (Tex.App. —El Paso 1987, no writ); *Tarrant County v. Smith,* 81 S.W.2d 537 (Tex.Civ.App.— Fort Worth 1935, writ ref'd); *Trinkle v. State,* 59 Tex.Crim. 257, 127 S.W. 1060 (1910).

■ The word "expire" derives from the Latin word meaning to breathe out. In its ordinary meaning, it connotes the coming to a conclusion or end or to have run its course. The word "terminate" carries a more abrupt inference. It is derivative of the Latin word to end. It suggests positive interference. *Samaniego* at 90.

There is no language in the contract referring to the expiration of term. The reference to termination is in context with

demotions, reprimands and suspensions under the section entitled *"DISCIPLINE,"* and which is made for violations of rules, policies and orders. Terms expire regardless of any wrongdoing on the part of a deputy. The expiration of a term is brought about by the passing of time alone without any action on the part of the sheriff. There are no words that expressly refer to the reappointment of a deputy in the contract. The Appellant cites the preamble to the collective bargaining agreement to establish this interpretation by implication which states:

> The Sheriff and the Association agree that the efficient and uninterrupted performance of the county law enforcement function is a primary purpose of this Agreement, as well as, the establishment of fair and reasonable compensation and working conditions....

The failure to redeputize deputies would not necessarily interrupt law enforcement or be inefficient. Unlike most law enforcement agencies, the sheriff and his department through him, must answer to the public every four years. If the sheriff had failed to have been reelected because the voters perceived poor performance or inefficiency by his deputies, it would be unreasonable to contemplate that his successor sheriff would reappoint the former deputies who were unqualified in the eyes of the public. New deputies would replace former deputies, and there would be no interruption or inefficiency. And there would be no interruption or inefficiency if a newly reelected sheriff failed to reappoint deputies who, although not guilty of malfeasance, were mediocre in performance and appointed more able deputies for his new term to improve the service to the public and enhance his political well being. The preamble refers to the prohibition of strikes which is expressed in the contract. There is no intention expressed from the four corners of the entire contract in any manner to govern a sheriff's appointment of deputies to a new term of office. Courts cannot by implication import something into a written instrument merely because it might seem that the agreement may appear to operate unjustly. *Johnson v. Dick,*

281 S.W.2d 171 (Tex.Civ.App.—San Antonio 1955, no writ). This would be also true if the agreement failed to include matters that might seem to be just. The point of error is overruled.

Judgment of the trial court is affirmed.