Paul W. CAGLE; Guy R. Epperson; Steven A. McCullom; Terry Norwood; and Jeffrey L. Parker, Plaintiffs–Appellees,

v.

Dan GILLEY, Defendant–Appellant.

No. 91–5417.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 28, 1991.

Decided April 24, 1992.

Rehearing En Banc Rendered Moot
May 15, 1992.

Glenna M. Ramer (argued and briefed), Chattanooga, Tenn., for plaintiffs-appellees.

Elaine B. Winer (argued and briefed), Luther, Anderson, Cleary, Ruth & Speed, Chattanooga, Tenn., and John C. Duffy, Watson, Hollow & Reeves, Knoxville, Tenn., for defendant-appellant.

Before KEITH and NELSON, Circuit Judges, and HOOD, District Judge.*

Amended Opinion

HOOD, District Judge.

Defendant-appellant, Dan E. Gilley (Gilley)—the Sheriff of Bradley County, Tennessee—appeals the denial of his motion

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

for summary judgment on the basis of qualified immunity. For the reasons which follow, we reverse the decision of the district court.

## I.

Plaintiff-appellees, Paul W. Cagle, Guy R. Epperson, Steven A. McCullom, Terry Norwood and Jeffrey L. Parker (the deputies) brought this action under 42 U.S.C. § 1983 seeking, among other things, monetary damages against Gilley.[1] The deputies claim that Gilley violated their First Amendment rights by not rehiring them as deputies in the Bradley County Sheriff's Department in August and September, 1988. Specifically, the deputies allege that they were not reappointed by Gilley because they supported his opponent, Steve Lawson (Lawson) during the election campaign for the office of Sheriff of Bradley County.

## II. Analysis

### A. Standard of Review

■■■ Gilley appeals the denial of his motion for summary judgment on the basis of qualified immunity. A district court's denial of a claim of qualified immunity is immediately appealable. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985). Since application of the doctrine of qualified immunity to a particular defendant is a question of law, *Garvie v. Jackson,* 845 F.2d 647, 649 (6th Cir.1988), this court reviews *de novo* the district court's determination. *Long v. Norris,* 929 F.2d 1111, 1114 (6th Cir.1991).

### B. Qualified Immunity

■■ Government officials performing discretionary functions are generally shielded from civil damages liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Using a fact-specific approach, *see Garvie,* 845 F.2d at 649–50, the standard to be applied in resolving the "clearly established law" predicate within the *Harlow* touchstone of "objective legal reasonableness" is defined in *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986): "if officers of reasonable competence could disagree on this issue, immunity should be recognized." *See also Guercio v. Brody,* 911 F.2d 1179, 1185 (6th Cir.1990).

■ Ordinarily, to find a clearly established constitutional right, a district court within the Sixth Circuit must find binding precedent from the Supreme Court, the Sixth Circuit, or from itself. *Ohio Civil Serv. Employees Ass'n v. Seiter,* 858 F.2d 1171, 1177 (6th Cir.1988). Although decisions of other courts can clearly establish the law, such decisions must both point unmistakenly to the unconstitutionality of the conduct and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct was unconstitutional. *Id.* at 1177.

The district court rejected Gilley's argument that he should be immune from suit for damages for the politically motivated decision not to rehire the deputies, finding that Gilley's decision violated the deputies' clearly established First Amendment rights under the holdings of *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), and their progeny. According to the district court, at the time of the decision not to rehire (or constructive discharge, as it may be called), it was clearly established under the First Amendment that a sheriff could not refuse to rehire his deputies for politically motivated reasons. Hence, the district court held that Gilley was not entitled to quali-

---

**1.** The plaintiffs brought additional claims against Gilley and others (J.A., pp. 5–9). The district court dismissed those claims on the de- fendants' motion for summary judgment (J.A., pp. 13–24).

fied immunity from suit for damages by the deputies.

## C. First Amendment Claim

▮ The parties have not directed the court's attention to a single Supreme Court or Sixth Circuit decision holding prior to August or September, 1988 that political affiliation is not a proper job requirement for a deputy sheriff upon application of *Elrod* and *Branti* principles. However, the district court relied on *Hollifield v. McMahan*, 438 F.Supp. 591 (E.D.Tenn. 1977), as support for its decision. In *Hollifield*, the district judge, citing *Elrod*, held that a currently employed deputy sheriff— a nonpolicymaking public employee—could not be *discharged* by the sheriff simply because the deputy sheriff was supporting his opponent in the race for a new term. 438 F.Supp. at 593. On the other hand, the same district judge who authored the *Hollifield* decision later held that *Elrod* did not apply to a county's failure to *rehire* for political reasons a nonconfidential, nonpolicymaking public employee. *Reed v. Hamblen County, Tenn.*, 468 F.Supp. 2, 5 (E.D.Tenn.1978). Thus, it cannot be said that precedent of the district court in the district where Gilley resided clearly established the principle that political affiliation is not a proper job requirement for a deputy sheriff.

As pointed out recently in *Upton v. Thompson*, 930 F.2d 1209, 1212–13 (7th Cir.1991), the law today remains unsettled among the circuits on the question. In *Upton,* the Seventh Circuit aligned itself with the position of the Eleventh Circuit in *Terry v. Cook,* 866 F.2d 373, 377 (11th Cir.1989), by holding that a sheriff may use political considerations when determining who may serve as a deputy sheriff. *Upton,* 930 F.2d at 1218. However, the Fourth Circuit once held that *Branti* would not permit a deputy sheriff's discharge simply due to his political affiliation, *Jones v. Dodson,* 727 F.2d 1329, 1338 (4th Cir. 1984), but later permitted a patrol captain's discharge due to the patrol captain's vigorous support of the sheriff's opponent. *Joyner v. Lancaster,* 815 F.2d 20, 23–24 (4th Cir.1987). Like the Fourth Circuit, the Fifth Circuit would not permit the discharge of a deputy sheriff for simply campaigning for the sheriff's opponent, *Barrett v. Thomas,* 649 F.2d 1193 (5th Cir. 1981), *cert. denied,* 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982), *modified on other grounds,* 809 F.2d 1151 (5th Cir. 1987), but would allow the firing of " 'an individual who ha[d] blackguarded [Wilson's] honesty and ability up and down the county'." *Matherne v. Wilson,* 851 F.2d 752, 761 (5th Cir.1988) (*quoting McBee v. Jim Hogg County, Tex.,* 730 F.2d 1009, 1017 (5th Cir.1984) (en banc)).

Although a circuit split is not helpful in determining whether or not a deputy sheriff is protected by the First Amendment from a patronage constructive discharge, such a split indicates that the deputy sheriff's rights in this regard are currently unsettled as a matter of constitutional law. Therefore, those rights were not clearly established in August and September, 1988 when the deputies in the instant case were not reappointed by Gilley.

In addition, this court in recent years has held that a wide variety of public officials do not enjoy the right to be free from patronage dismissal, much less reappointment. *See, e.g., Monks v. Marlinga,* 923 F.2d 423 (6th Cir.1991) (assistant prosecutor); *Williams v. City of River Rouge,* 909 F.2d 151 (6th Cir.1990) (city attorney); and *Balogh v. Charron,* 855 F.2d 356 (6th Cir. 1988) (court bailiff). Further, in *Christian v. Belcher,* 888 F.2d 410, 415 (6th Cir.1989), this court recognized that a public official could be discharged without violating the First Amendment if political loyalty is essential to the discharge of the public employee's governmental responsibilities. Given these authorities, it cannot be said that any sheriff of reasonable competence in Gilley's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from refusing to reappoint the deputies in August and September, 1988.

### III.

▮ Although the district court's position shall be reversed and the case remand-

ed with instructions to dismiss the deputies' claims for monetary damages from Gilley in his individual capacity, existing precedent in the Sixth Circuit dictates that the defense of qualified immunity protects officials only from a suit for monetary damages. *Hensley v. Wilson,* 850 F.2d 269, 273 (6th Cir.1988). "An official is not entitled to immunity from actions seeking only injunctive ... relief." *Spruytte v. Walters,* 753 F.2d 498, 510 (6th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 788, 88 L.Ed.2d 767 (1986). Likewise, granting Gilley the protection of qualified immunity does not affect the merits of any claims—either monetary or equitable—the deputies may possibly have against him in his official capacity as the Sheriff of Bradley County, Tennessee. *See, Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245 (6th Cir.1989), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2173, 109 L.Ed.2d 502.

Accordingly, the judgment of the district court denying Gilley's motion for summary judgment on the basis of qualified immunity is REVERSED and the case is REMANDED to the district court for adjudication of the deputies' claims for injunctive relief against Gilley in his individual capacity and of the deputies' possible claims for monetary and equitable relief against Gilley in his official capacity as Sheriff of Bradley County, Tennessee.