51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip D. JACOBS, Plaintiff-Appellant,
v.
Charlie YOUNG, et al., Defendants-Appellees.
 No. 94-3241.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 Before: KEITH, MARTIN, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Phillip Jacobs, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Jacobs sued various state prison officials, alleging that the defendants: 1) harassed and retaliated against him for filing a prior lawsuit by routinely searching his cell and falsely charging him with prison rules infractions; and 2) were deliberately indifferent to his serious medical needs when they housed him with inmates who smoke despite a pre-diagnosed heart condition. Several of the defendants were sued in both their individual and official capacities, while others were sued only in their individual capacities. The parties consented to the transfer of the case to a magistrate judge for adjudication.
 
 
 3
 Upon review of thirteen of the defendants' motion to dismiss, the district court dismissed Jacobs's claims against them for lack of service of process. Thereafter, the district court granted summary judgment in favor of the remaining defendants. Jacobs has filed a timely notice of appeal, reasserting his same claims.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion when it dismissed thirteen of the named defendants, see Pierce v. Underwood, 487 U.S. 552, 558-97 and n. 1 (1988), as they were not properly served within 120 days after filing of the complaint as required by Fed.R.Civ.P. 4(m). See Moncrief v. Stone, 961 F.2d 595, 596 (6th Cir.1992).
 
 
 5
 We also conclude that the district court properly granted summary judgment to the remaining defendants as to Jacobs's claim that the defendants harassed and retaliated against him because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Jacobs's allegations of harassment do not support a claim of retaliation because they fail to establish that the defendants' actions constituted an "egregious abuse of governmental power" or that such actions otherwise "shocked the conscience." See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Here, the defendants were entitled to search Jacobs's cell for security reasons. Hudson v. Palmer, 468 U.S. 517, 526 (1984). Contrary to Jacobs's assertion that the defendants falsely charged him with various prison rule violations, the defendants presented two misconduct reports which established that there was at least "some evidence" to support finding Jacobs guilty of the charged violations. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 6
 We conclude, however, that the district court improperly granted summary judgment to the defendants on Jacobs's Eighth Amendment claim for several reasons. Essentially, the defendants did not meet their initial burden of showing an absence of evidence to support Jacobs's claims. See Celotex Corp., 477 U.S. at 325. First, an inmate can state an Eighth Amendment claim by alleging that prison officials have exposed him to levels of secondary cigarette smoke with deliberate indifference to an unreasonable risk of serious damage to his future health. Helling v. McKinney, 113 S.Ct. 2475, 2481 (1993). Prior to that decision, this court had held that in order to state such a claim, an inmate had to establish that he had a present medical condition which required that he live in a smoke-free environment. Hunt v. Reynolds, 974 F.2d 734, 736 (6th Cir.1992), cert. denied, 114 S.Ct. 709 (1994). However, in Helling, the Supreme Court held that an inmate need not establish that he is currently suffering from a serious medical problem in order to state an Eighth Amendment claim regarding exposure to smoke. 113 S.Ct. at 2481.
 
 
 7
 Second, under either the Helling or Hunt standard, the defendants are not entitled to judgment as a matter of law because Jacobs established both the objective and subjective components of an Eighth Amendment claim. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir.1994). Here, Jacobs alleged, and the defendants acknowledged, that the prison has a policy pursuant to which objecting non-smokers may be celled with smokers. Jacobs also alleged that he complained to the defendants on several occasions that he did not wish to be housed with a smoker because of the risks to his health. Despite Jacobs's objections, the defendants continued to house him with inmates who smoke. Jacobs stated that he suffers from angina and emphysema which are exacerbated by being required to share a cell with smokers. Thus, Jacobs has facially established a sufficiently grave deprivation and a sufficiently culpable state of mind on the part of the defendants. Brooks, 39 F.3d at 127-28.
 
 
 8
 Third, the district court incorrectly relied on qualified immunity to dismiss Jacobs's claim. The question of whether an official is protected by qualified immunity turns on the objective reasonableness of his or her actions, assessed in light of the legal rules that were clearly established at the time they were taken. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). Jacobs alleged that the defendants housed him with "an aggressive smoker" as recently as March 1993. This incident postdates the Sixth Circuit's decision in Hunt. Thus, Jacobs's right to live in a smoke-free cell had been clearly established by March 1993 when Jacobs was last housed with a smoker. Harlow, 457 U.S. at 818. Furthermore, Jacobs sought declaratory and injunctive relief which is available to him, even though defendants Young, Couch, Hart, Dallman and Abraham were sued in their individual capacities. Cagle v. Gilley, 957 F.2d 1347, 1350 (6th Cir.1992); Littlejohn v. Rose, 768 F.2d 765, 772 (6th Cir.1985), cert. denied, 475 U.S. 1045 (1986). Thus, the district court improperly granted summary judgment on this claim.
 
 
 9
 For the foregoing reasons, we affirm the district court's order of January 25, 1994, dismissing the 13 named defendants, and vacate its judgment of January 31, 1994, to the extent it granted summary judgment to defendants Young, Couch, Hart, Dallman, Abraham and Mack on Jacobs's Eighth Amendment cruel and unusual punishment claim, and remand this case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.