United States Court of Appeals,

Fifth Circuit.

No. 94-20057.

Kenneth Craig BRADY, et al., Plaintiffs-Appellees,

v.

FORT BEND COUNTY, et al., Defendants,

R. George Molina, Defendant-Appellant.

July 13, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before JONES, DUHÉ and STEWART, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Sheriff Molina of Fort Bend County appeals a district court's denial of his qualified immunity defense to personal liability for his deputy sheriff rehiring decisions. Because qualified immunity is designed to shield from civil liability "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986), this court can affirm that judgment only if convinced that the sheriff's (alleged) actions were patently incompetent or intentionally flouted the law.[1] Hence "[f]or executive officers in general, ... qualified immunity represents the norm." *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). Here, however, Sheriff Molina's actions as pled by the plaintiffs violated law that has been held to have been "clearly established" in the Fifth Circuit at the time he acted. Notwithstanding some pervasive legal points he makes, we are constrained to reject the sheriff's qualified immunity and thus to dismiss his appeal.

The merits of this § 1983 action concern Sheriff Molina's decision not to rehire seven deputy sheriffs after his victory in the 1992 general election. These plaintiffs contend—and we accept for the purpose of appeal that it is true—that they were not rehired because they supported Molina's

---

[1]This court reviews the denial of qualified immunity *de novo. Pierre v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490 (1988).

opponent. They reason that the First Amendment protects them from the sheriff's employing this factor in his appointment decisions.

Superficially, deputy sheriffs would appear t o have no such entitlement. Texas state law specifically declares that "Deputy shall serve at the pleasure of the sheriff." Tex.Loc.Gov't Code § 85.003(c) (Vernon 1988). And the Texas state courts have routinely refused to interpose any restrictions on the sheriff's personnel policy: "[B]oth the appointment and tenure of a sheriff's deputy depend upon the sheriff's sole discretion." *Commissioners Court of Shelby County v. Ross,* 809 S.W.2d 754, 756 (Tex.App.—Tyler 1991, no writ) (citation omitted). Simply, Texas has adopted a public policy "that officers elected by the people to discharge public trusts ... should be free to select persons of their own choice to assist them in the discharge of the duties of their offices." *Murray v. Harris,* 112 S.W.2d 1091, 1093 (Tex.App.—Amarillo 1938, writ dismissed).

Nonetheless, this court has consistently imposed First Amendment fetters on the discretion of the sheriff.[2] Molina suggests two means for circumventing these constraints. First, he argues that he did not *fire* or *transfer* the deputy sheriffs but merely decided not to reappoint these deputies after the expiration of their terms of office.[3] He suggests that because no case specifically prohibited a sheriff from failing to reappoint deputy sheriffs because of political activity (versus partisan affiliation) he must be protected by qualified immunity.[4] Logically, he posits that the Fifth Circuit's failure to recognize a distinction between a termination (or transfer) and the decision not to reappoint to a term of office that expires by operation of state law renders the state law automatic termination a nullity.

Next, Sheriff Molina calls our attention to the Seventh Circuit's opinion in *Upton v. Thompson,* 930 F.2d 1209 (7th Cir.1991), *cert. denied,* 503 U.S. 906, 112 S.Ct. 1262, 117 L.Ed.2d

---

[2]Our court has often considered the scope of constitutional protections accorded deputy sheriffs. *See McBee v. Jim Hogg County, Texas,* 730 F.2d 1009 (5th Cir.1984) (en banc); *Matherne v. Wilson,* 851 F.2d 752 (5th Cir.1988); *Garcia v. Reeves County, Texas,* 32 F.3d 200 (5th Cir.1994); *Vojvodich v. Lopez,* 48 F.3d 879 (5th Cir.1995).

[3]When a sheriff's term expires so does the term of each of his deputies. *County of El Paso v. Hill,* 754 S.W.2d 267, 268 (Tex.App.—El Paso 1988, writ denied).

[4]"[I]f there is a "legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity." *Wiley v. Doory,* 14 F.3d 993, 995 (4th Cir.1994) (Powell, J.) (citation omitted).

491 (1992), which expressly authorized exactly what Sheriff Molina is alleged to have done here. Surveying the constitutional landscape demarked by the Supreme Court's *Elrod*[5]—*Branti*[6]—*Rutan*[7] First Amendment "patronage" trilogy, the court of appeals concluded that "political considerations are appropriate for determining the qualifications for the position of deputy sheriff." *Id.* at 1210. Most notably, the court held that a sheriff could not have a clear understanding that deputy sheriffs had "any constitutional protection from a politically based discharge." *Id.* at 1214. Other circuits agree with the reasoning in *Upton. See Cagle v. Gilley,* 957 F.2d 1347, 1349 (6th Cir.1992); *Terry v. Cook,* 866 F.2d 373, 377 (11th Cir.1989). Molina asserts that it is irrelevant for purposes of qualified immunity that our court does not agree.[8] Quoting the Seventh Circuit, he argues that "such a [circuit] split is indicative of the fact that the deputy sheriff's rights in this regard are currently unsettled as a matter of constitutional law and therefore were not "clearly established.' " *Upton,* 930 F.2d at 1217.

Both of Molina's attacks are not without force and cause us concern about anomalies built into Fifth Circuit law. Unfortunately, without re-examination en banc or a shift triggered by the Supreme Court, application of our prior precedent requires us to approve the district court's holding.

## II.

Turning first to Molina's proposed distinction between termination and failure to reappoint, rendering meaningless the Texas law's automatic termination of a deputy sheriff's term does prompt a pause.[9] Nevertheless, this court sitting *en banc* in *McBee* announced that the difference between

---

[5]*Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (plurality opinion).

[6]*Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).

[7]*Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990).

[8]"As far back as 1985, the established law in this circuit has been that a public employer cannot retaliate against an employee for expression protected by the First Amendment merely because of that employee's status as a policymaker." *Vojvodich,* 48 F.3d at 887.

[9]"If the sheriff had failed to have been reelected because the voters perceived poor performance or inefficiency by his deputies, it would be unreasonable to contemplate that his successor sheriff would reappoint the former deputies who were unqualified in the eyes of the public." *El Paso City Sheriff Deputies v. Samaniego,* 802 S.W.2d 727, 729 (Tex.App.—El Paso 1990, writ denied). Or as the Seventh Circuit explained: "Given the dependency of the sheriff

"failure to rehire" deputies and a "dismissal" was irrelevant to the First Amendment analysis. *McBee,* 730 F.2d at 1015. Moreover, our court recently refused to grant significance to the fact that the sheriff department employees "were unemployed by operation of law on January 1, 1993." *Garcia,* 32 F.3d at 204. Both "firing" and "failing to hire" are "triggering personnel decision[s]". *Id.*

If both of these "acts" are equivalent, "[B]y January 1992 at the latest, the law was equally clear that, regardless of whether an employee is a policymaker, a public employer cannot act against an employee because of the employee's affiliation or support of a rival candidate unless the employee's activities in some way adversely affect the government's ability to provide services." *Vojvodich,* 48 F.3d at 887. Although the defense of qualified immunity is intended to "give[ ] ample room for mistaken judgments,"[10] in this circuit there was no "grey area" of constitutional law left for Molina to take advantage of.

III.

Furthermore, the Fifth Circuit does not permit Sheriff Molina to refer to the views of the other circuits to establish that these prohibitions were not "clearly established." "Our inquiry [into what is clearly established law] ends, if we find from examining the decisions of the Supreme Court and our own decisions that the law was clearly established in this circuit." *Boddie v. City of Columbus, Miss.,* 989 F.2d 745, 748 (5th Cir.1993).[11]

---

(and his political survival) on his deputies' job performance, it is understandable why a sheriff might believe that party loyalty is an appropriate consideration for a deputy sheriff."

[10]*See Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991) (quotation omitted).

[11]It may be wondered whether this is the approach the Supreme Court will ultimately adopt. The Court has avoided confronting the issue at least twice. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 n. 32, 102 S.Ct. 2727, 2738 n. 32, 73 L.Ed.2d 396 (1981) ("As in *Procunier v. Navarette,* 434 U.S. 555, 565, 98 S.Ct. 855, 861, 55 L.Ed.2d 24 (1978), we need not define here the circumstances under which "the state of the law' should be "evaluated by reference to the opinions of this Court, of the Courts of Appeals, or of the local District Court.' ") Nevertheless, the Supreme Court has advised the court of appeals that the measure of what is clearly established" in American law is "objective." *See Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). While it seems peculiar to consider an official action held lawful by one federal circuit court to be "clearly" unconstitutional by any "objective" criteria, such a result reinforces the finality of circuit law, albeit at the expense of immunity in some cases. Perhaps the Supreme Court will ultimately find a *Teague*-like measure (i.e., no reasonable jurists disagree) more apt to comport with the concept of "clearly established law." The Eleventh Circuit

Although other circuits analyze deputy sheriffs as a class and conclude that they "operate with a sufficient level of autonomy and discretionary authority to justify a sheriff's use of political considerations when determining who will serve as deputies,"[12] in this circuit, a public employee cannot be terminated for exercise of his First Amendment rights unless the sheriff alleges a "disruption of governmental functions." *Vojvodich,* 48 F.3d at 887 (citing *Click v. Copeland,* 970 F.2d 106, 112-113 (5th Cir.1992) (Sheriff's failure to allege disruption fatal to his claim of qualified immunity)). Indeed, "[a]s far back as 1985, the established law in this circuit has been that a public employer cannot retaliate against an employee for expression protected by the First Amendment merely because of that employee's status as a policymaker." *Id.* at 887. Accordingly, this panel has no authority to revisit the question whether partisan affiliation or political activity can ever be proper factors in a personnel decision concerning deputy sheriffs *sans* an allegation of disruption. More importantly, we are left to apply *Vojvodich's* conclusion that our circuit has clearly established this principle as early as 1985.

But the limits of this decision should be made clear. In *Noyola v. Texas Dept. of Human Resources,* 846 F.2d 1021 (5th Cir.1988), this court approved granting qualified immunity to a government official who was alleged to have fired an employee in defiance of First Amendment standards. The court recognized that in such areas of constitutional law, where case-by-case balancing tests apply, "one consequence ... is [the] implication [of balancing] for the qualified immunity of public officials whose actions are [challenged]." 846 F.2d at 1025. *Noyola* commented: "There will rarely be a basis for *a priori* judgment that the termination or discipline of a public employee violated "clearly established' constitutional rights." *Id.* Except with regard to the line of authority this circuit has developed, for good or ill, regarding the discharge of deputy sheriffs, *Noyola* remains compelling.

---

*en banc* has already adopted a similar standard. *See Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1150 (11th Cir.1994) (en banc) ("For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel ... the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances.*")

[12]*Upton,* 930 F.2d at 1118.

Thus, because the denial of qualified immunity by the district court was correct, we DISMISS the appeal.