OLIVA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-131-CR

FRANCISCO GABRIEL OLIVA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Francisco Gabriel Oliva appeals his conviction for aggravated robbery.  We affirm.

Anders
 Brief

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially re-brief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
See Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132 (Tex. Crim. App. 1996) (disapproved on other grounds by 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001)); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for appeal.

The indictment tracks the statutory language of
 code of criminal procedure article 21.02 and was sufficient to give appellant adequate notice of the charges against him.  
Tex. Code Crim. Proc. Ann. 
art. 21.02 (Vernon
 1989)
.  Appellant did not file a motion to quash and did not challenge the jurisdiction of the trial court.  The indictment sufficiently 
conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12; 
Tex. Code Crim. Proc. Ann. 
art. 4.07 (Vernon Supp.
 2004); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The written admonishments complied with code of criminal procedure article 26.13.  
Tex. Code Crim. Proc. Ann. 
art. 26.13 (Vernon Supp.
 2004)
.  The judicial confession met the State’s burden of proof under code of criminal procedure 1.15 in that it was signed and sworn by appellant, and signed by defense counsel, prosecutor, and judge.  
Tex. Code Crim. Proc.
 art. 1.15 (Vernon Supp. 2004).  T
he record reflects that appellant knowingly and voluntarily entered his plea 
and that appellant was properly admonished regarding his rights
.  After being admonished by the trial court regarding the consequences of his plea, appellant insisted on pleading guilty and admitted his guilt in open court.  Therefore, nothing in the record would support a claim that appellant’s plea was involuntary.

T
here are no errors that are not independent of the judgment of guilt.  Further, we agree with appellant’s counsel that the record does not support an ineffective assistance of counsel claim because there is no evidence that trial counsel’s performance was deficient.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984);
 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
 Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999)
.
  However, while trial counsel’s examination of defense witness Maria Alvarado and use of the juvenile adjudication to discredit a character witness may arguably provide a basis for a claim of ineffective assistance, counsel does not believe it is a meritorious argument on appeal.  Additionally, use of extraneous offenses at punishment is allowed.  Appellant received a punishment within the range of punishment for the offense.  
Tex. Penal Code Ann.
 § 12.33 (Vernon 2003).
  There is nothing to suggest that the trial court erred in sentencing appellant.

Counsel forwarded a copy of his brief to appellant, which was accompanied by a letter informing appellant of his right to review the record and file a pro se brief.  Accordingly, counsel requests that the appellate court grant his motion to withdraw as appellant’s counsel and 
file appellant’s pro se brief.  Having received appellate counsel’s motion to withdraw and concluding that there are no meritorious grounds for a successful appeal, we will grant counsel’s motion to withdraw.  We now address appellant’s pro se brief.

Pro Se Brief

In his brief, appellant complains that 
the Honorable Jake Collier did not have authority to preside over his trial because the title pages of the clerk’s record show that Phillip Vick was the presiding judge of the 158
th
 Judicial District Court and nothing in the record shows that Jake Collier was elected or appointed to the 158
th
.  Appellant also claims that nothing in the record shows that Jake Collier took the oath of office.  Finally, appellant complains that the trial court did not give the jury the required oath pursuant to article 35.22 of the code of criminal procedure.  
Tex. Code Crim. Proc.
 art.
 35.22 (Vernon 1989).

Although Phillip Vick was the presiding judge at the time the State first indicted appellant, the record shows that the Honorable Jake Collier presided over appellant’s trial, which began on February 18, 2003.  We take judicial notice of the fact that Jake Collier took the oath of office and became the presiding judge of the 158
th
 District Court of Denton County on January 1, 2003.  
See In re K.E.M.
, 89 S.W.3d 814, 817 (Tex. App.—Corpus Christi 2002, no pet.); 
Hathorne v. State
, 459 S.W.2d 826, 828 (Tex. Crim. App. 1970) (op. on reh'g) (taking judicial notice of the fact that a trial judge had been a district attorney at the time of a previous trial); 
Strahan v. State
, 221 S.W. 976, 977 (Tex. Crim. App.1920) (taking judicial notice of a trial judge's tenure as district attorney and appointment to the bench).  Jake Collier was the duly elected judge of the 158
th
 Judicial District Court of Denton County and properly presided over appellant’s trial.  Additionally, the record affirmatively shows that the jury was given the oath pursuant to article 35.22 of the code of criminal procedure.
  
Tex. Code Crim. Proc. Ann.
 art.
 35.22.  Appellant’s issues presented in his pro se brief are overruled.

Conclusion

Because our independent review of the areas available to appellant for an appeal leads us to conclude that there are no grounds upon which appellant could be arguably successful on appeal and because we have overruled all of appellant’s issues, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 20, 2004