COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-131-CR


FRANCISCO GABRIEL OLIVA                                                  APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------
        Francisco Gabriel Oliva appeals his conviction for aggravated robbery. We
affirm.
Anders Brief
        Appellant’s court-appointed appellate counsel has filed a motion to
withdraw as counsel and a brief in support of that motion. In the brief, counsel
avers that, in his professional opinion, this appeal is frivolous. Counsel’s brief
and motion meet the requirements of Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief. 
        Once appellant’s court-appointed counsel files a motion to withdraw on
the ground that the appeal is frivolous and fulfills the requirements of Anders,
we are obligated to undertake an independent examination of the record and to
essentially re-brief the case for appellant to see if there is any arguable ground
that may be raised on his behalf. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Because appellant entered an open plea of guilty, our
independent review for potential error is limited to potential jurisdictional
defects, the voluntariness of appellant’s plea, error that is not independent of
the judgment of guilt, and error occurring after entry of the guilty plea. See
Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v.
State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Flowers v. State, 935
S.W.2d 131, 132 (Tex. Crim. App. 1996) (disapproved on other grounds by
Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001)); Jack v. State, 871
S.W.2d 741, 743-44 (Tex. Crim. App. 1994). Our independent review of the
record reveals that counsel has correctly determined that there are no arguable
grounds for appeal.
        The indictment tracks the statutory language of code of criminal
procedure article 21.02 and was sufficient to give appellant adequate notice of
the charges against him. Tex. Code Crim. Proc. Ann. art. 21.02 (Vernon 1989). 
Appellant did not file a motion to quash and did not challenge the jurisdiction
of the trial court. The indictment sufficiently conferred jurisdiction on the trial
court and provided appellant with sufficient notice to prepare a defense. See
Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.07 (Vernon Supp.
2004); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
        The written admonishments complied with code of criminal procedure
article 26.13. Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2004). 
The judicial confession met the State’s burden of proof under code of criminal
procedure 1.15 in that it was signed and sworn by appellant, and signed by
defense counsel, prosecutor, and judge. Tex. Code Crim. Proc. art. 1.15
(Vernon Supp. 2004). The record reflects that appellant knowingly and
voluntarily entered his plea and that appellant was properly admonished
regarding his rights. After being admonished by the trial court regarding the
consequences of his plea, appellant insisted on pleading guilty and admitted his
guilt in open court. Therefore, nothing in the record would support a claim that
appellant’s plea was involuntary.
        There are no errors that are not independent of the judgment of guilt. 
Further, we agree with appellant’s counsel that the record does not support an
ineffective assistance of counsel claim because there is no evidence that trial
counsel’s performance was deficient. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999). However, while trial counsel’s examination of defense witness
Maria Alvarado and use of the juvenile adjudication to discredit a character
witness may arguably provide a basis for a claim of ineffective assistance,
counsel does not believe it is a meritorious argument on appeal. Additionally,
use of extraneous offenses at punishment is allowed. Appellant received a
punishment within the range of punishment for the offense. Tex. Penal Code
Ann. § 12.33 (Vernon 2003). There is nothing to suggest that the trial court
erred in sentencing appellant.
        Counsel forwarded a copy of his brief to appellant, which was
accompanied by a letter informing appellant of his right to review the record
and file a pro se brief. Accordingly, counsel requests that the appellate court
grant his motion to withdraw as appellant’s counsel and file appellant’s pro se
brief. Having received appellate counsel’s motion to withdraw and concluding
that there are no meritorious grounds for a successful appeal, we will grant
counsel’s motion to withdraw. We now address appellant’s pro se brief.
Pro Se Brief
        In his brief, appellant complains that the Honorable Jake Collier did not
have authority to preside over his trial because the title pages of the clerk’s
record show that Phillip Vick was the presiding judge of the 158th Judicial
District Court and nothing in the record shows that Jake Collier was elected or
appointed to the 158th. Appellant also claims that nothing in the record shows
that Jake Collier took the oath of office. Finally, appellant complains that the
trial court did not give the jury the required oath pursuant to article 35.22 of
the code of criminal procedure. Tex. Code Crim. Proc. art. 35.22 (Vernon
1989).
        Although Phillip Vick was the presiding judge at the time the State first
indicted appellant, the record shows that the Honorable Jake Collier presided
over appellant’s trial, which began on February 18, 2003. We take judicial
notice of the fact that Jake Collier took the oath of office and became the
presiding judge of the 158th District Court of Denton County on January 1,
2003. See In re K.E.M., 89 S.W.3d 814, 817 (Tex. App.—Corpus Christi
2002, no pet.); Hathorne v. State, 459 S.W.2d 826, 828 (Tex. Crim. App.
1970) (op. on reh'g) (taking judicial notice of the fact that a trial judge had been
a district attorney at the time of a previous trial); Strahan v. State, 221 S.W.
976, 977 (Tex. Crim. App.1920) (taking judicial notice of a trial judge's tenure
as district attorney and appointment to the bench). Jake Collier was the duly
elected judge of the 158th Judicial District Court of Denton County and properly
presided over appellant’s trial. Additionally, the record affirmatively shows that
the jury was given the oath pursuant to article 35.22 of the code of criminal
procedure. Tex. Code Crim. Proc. Ann. art. 35.22. Appellant’s issues
presented in his pro se brief are overruled.Conclusion
        Because our independent review of the areas available to appellant for an
appeal leads us to conclude that there are no grounds upon which appellant
could be arguably successful on appeal and because we have overruled all of
appellant’s issues, we grant appellate counsel’s motion to withdraw and affirm
the trial court’s judgment.
 
 
                                                                  TERRIE LIVINGSTON
                                                                  JUSTICE
 
PANEL B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 20, 2004